14451

MAJOR v. ALVERSON *ET AL.*

(190 S. E., 449)

*Messrs. Henry P. Willimon* and *David W. Smoak,* for appellant,

*Mr. H. P. Burbage,* for respondent,

September, 1936.

March 10, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This is an action for damages for personal injuries. While the pleadings are not printed in the record, it is stated that the complaint, which was verified, alleged that the injuries

were caused by the negligence of the defendants and were sustained by the plaintiff upon premises owned by the Alversons and at the time under their direction and control. The answer, also verified, is referred to as a general denial. On trial of the case, a verdict was directed for the defendant Nellie Alverson, and the jury found for the plaintiff against the defendant, J. N. Alverson, $425.00. This appeal is from the Court's order refusing to grant Alverson a new trial.

We need consider only the following exception: "The presiding Judge erred in refusing to order a new trial when the record shows and counsel for the plaintiff admits referring to defendant as a 'bare-faced' liar solely upon a matter of pleading, after objection at the time of the argument to that line of abuse and argument."

As to the several contentions made with reference to what had happened, Judge Bellinger said:

"I cannot recall that Mr. Burbage, during his argument, charged the witness Alverson with being a liar, but I do recall that during the progress of cross examination of the witness Alverson by Mr. Burbage that Mr. Burbage called to the witness's attention that the verified answer had denied that the witness, who was the defendant in the case, was the owner and operator of the plant in question. At that time I called Mr. Burbage's attention to the fact that a defendant has the right to make a general denial of the allegations of the complaint and then may, in addition to that, make inconsistent defenses, but would not, by so pleading, go to the veracity of the defendant; and in my instructions to the jury it is my recollection that I analyzed the answer set forth that when he came in under the answer making a general denial that that merely required the plaintiff to prove the material allegations of the complaint."

Mr. Burbage, counsel for plaintiff, however, during his remarks on the motion for a new trial, stated that he had told the jury in his argument to them that Alverson was a liar, but denied that counsel for this defendant—who con-

tended otherwise—made any objection at the time to such argument. From what is contained in the record, this Court is unable to say that due and timely objection was made thereto; and if Mr. Burbage had not stated that he had declared to the jury that Alverson was a liar, we should not further consider the appeal.

The following reasons were assigned by the Court for its refusal of defendant's motion:

"I do not condone counsel's argument in charging the witness as being a liar, but in view of instructions that I gave to the jury, and the further fact that in the examination of the witness in question by Mr. Burbage I made the remarks hereinabove set forth, there having been no request by counsel for the defendant that I make any further remarks to the jury touching upon the objection they raised to the argument being improper, I can't see that I would be warranted on that ground to grant a new trial."

We think that a new trial should have been ordered. Counsel, of course, had the right to analyze the testimony and to point out to the jury any reason or reasons why he thought the witness Alverson was unworthy of belief. But he can offer no excuse for stating to them, in so many words, that the litigant was a liar, or a "barefaced liar". Such a statement was not only highly improper as an argument, but amounted to an abuse of the witness and tended to greatly prejudice defendant's case in the eyes of the jury. In short, where counsel applies to a witness or litigant abusive epithets, he will do so at his own peril.

Furthermore, the question here, as is seen from the remarks of the trial Judge, turned largely upon a matter of procedure, Judge Bellinger had ruled, when the same counsel was cross examining the same witness, that a defendant had the right to make a general denial of allegations of the complaint and then may in addition to that, make inconsistent defenses; and that such pleading would not call into question the veracity of the pleader. Counsel for plaintiff intimates

in his argument here that the Judge was wrong about this where verified pleadings are involved; but, whether right or wrong, the Court had made its ruling, and for counsel to argue to the jury in opposition to such ruling, tended to aggravate the situation, to the prejudice of the defendant. Upon consideration of the whole matter, we think a flagrant case is here presented where prejudice clearly appears, which makes it an exception to the rule requiring timely notice to be given.

This Court does not desire to penalize a litigant because of the conduct of his counsel in the trial of a case; but where counsel, as in this case, uses improper and abusive language in his argument to the jury, to the clear hurt and prejudice of the complaining party, we feel that it is our duty to remand the case for trial in accordance with correct and proper rules of procedure and conduct. See *Price v. American Agricultural Chemical Co.,* 178 S. C., 217, 182 S. E., 637.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISH-BURNE concur.