Earl **FOX** and William G. **Wilson,**
Plaintiffs and Respondents,

v.

Adam **BELLON,** Defendant and Appellant.

No. 8182.

Supreme Court of North Dakota.

May 17, 1965.

Rehearing Denied July 28, 1965.

A. O. Ginnow, Jamestown, for defendant and appellant.

Mackenzie & Jungroth, Jamestown, and Milton K. Higgins, Bismarck, for plaintiffs and respondents.

TEIGEN, Judge.

The defendant has appealed from the judgment and the order denying a new trial.

The plaintiffs farm near Coleharbor, North Dakota, and are custom combiners. The defendant farms near Jamestown, North Dakota. This action is brought to recover for combining and hauling the de-

fendant's flax crop. The defendant answered admitting the work but denied that the terms of the contract were as alleged in the complaint. He also counterclaimed for repair parts, gasoline, oil, labor furnished the plaintiff as an offset, and for damages for negligent work causing crop loss. The case was tried to the jury. The jury returned a verdict in favor of the plaintiffs in the amount of $1,271.87 and dismissed defendant's counterclaim for crop loss.

The plaintiffs, as respondents on this appeal, assert that, since specifications of error were not served with the notice of appeal, our review is limited to those errors appearing on the face of the judgment roll. We have so held. Odegaard v. Investors Oil, Inc., N.D., 118 N.W.2d 362. The defendant, however, did serve specifications of error with his notice of motion for new trial and he has also appealed from the order denying the motion. We will review the correctness of the order with respect to properly assigned specifications of error and insufficiency of the evidence.

The defendant specified as error: (1) the insufficiency of the evidence to justify the verdict; and (2) errors of law. The defendant abandoned his claim for damages for crop loss. He does not specify it was error to dismiss the counterclaim for damages based on alleged negligence. We will first consider the specification of insufficiency of the evidence.

The claims made by the respective parties are in hopeless conflict. The parties are agreed that 485 acres of flax were combined and that the defendant supplied gasoline, oil, repairs, and labor for which he was entitled to be reimbursed, but they disagree as to the amount of these respective items and on the contract terms.

The plaintiffs contend it was agreed the defendant would pay $3.00 per acre for combining, $1.50 per acre for swathing, and five cents per bushel for the first five miles, plus one-fourth cent per bushel per mile for hauling. The defendant contends it was agreed he would pay $3.00 per acre, which included combining, swathing, and hauling of the grain. Both parties agree it was not contemplated there would be any swathing done when the job was commenced but, because of the rough, newly-broken ground on which the flax was grown and the fact that the flax crop was not fully ripe, it was found advantageous to windrow a portion of the field before combining. The plaintiffs contend a supplementary oral agreement was entered into whereby the defendant agreed to pay $1.50 per acre for the swathing. The defendant contends it was plaintiffs' decision to swath the flax for the reason that the job could be completed more quickly and the plaintiffs thus could make more profit on the job, that the defendant did not want the flax windrowed because it would result in a loss of grain, and that he made no agreement to pay anything for swathing.

The plaintiffs contend the defendant's field was extraordinarily rough with many unpicked rocks which caused breakdowns and slowed the work. The defendant contends the field was no rougher than ordinary newly broken land properly worked. The plaintiffs did not complete the job before going to Kansas, taking with them their outfit and crew to harvest milo (maize); however, they left one combine at the defendant's field to be used to complete the harvest. The parties agreed the defendant was to use the combine to finish the job, that he would pay the operating expenses, and that he would be reimbursed for such expenses and be paid for his labor.

There is disagreement as to the respective amounts to be allowed the defendant for his services and expenses. The defendant claims the sum of $203.38 for gas and oil furnished; the plaintiffs allowed $116.60. Defendant claims he expended $139.75 for repairs; the plaintiffs allowed $110.92. The defendant contends he earned $386.86 by his labor, having worked 58 days at the going rate of $200 per month; the plaintiffs

have allowed $93 for 93 hours of labor at $1.00 per hour. It appears the defendant claims as offset approximately $409 more than allowed by the plaintiffs. The plaintiffs contend they earned about $323 more than is allowed by the defendant by including a charge for the swathing and hauling. Thus there is a difference between them of about $732. There are also other claims and counterclaims made by the respective parties to this action that need not be pointed out in this opinion. Suffice it to say, both parties admit that an oral contract was entered into and that the original contract was modified in some respects or that there were oral addenda; but there is hopeless conflict on practically every aspect and a voluntary settlement was impossible.

This court has said many times that whether a new trial shall be granted rests largely within the sound judicial discretion of the trial court and, unless an abuse of that discretion is shown, the action of the trial court will not be disturbed on appeal. State v. Hummel, 73 N.D. 308, 14 N.W.2d 368; Haslam v. Babcock, 71 N.D. 363, 1 N.W.2d 335; Froh v. Hein, 76 N.D. 701, 39 N.W.2d 11; Hochstetler v. Graber, 78 N.D. 90, 48 N.W.2d 15. The trial court considered the sufficiency of the evidence and, in denying a new trial, confirmed the verdict of the jury. When the verdict is attacked in this court and the evidence, though conflicting, is legally sufficient to sustain the verdict under the instructions of the trial court, the verdict and the judgment will not be disturbed. Haslam v. Babcock, supra; Griffin v. Implement Dealers' Mutual Fire Ins. Co., 64 N.D. 146, 250 N.W. 780; Rickel v. Sherman, 34 N.D. 298, 158 N.W. 266; Branthover v. Monarch Elevator Co., 42 N.D. 330, 173 N.W. 455; Hampton v. Ross, 56 N.D. 423, 217 N.W. 845; Kraft v. Martell, 58 N.D. 58, 225 N.W. 79; Hochstetler v. Graber, supra; Jacobs v. Bever, 79 N.D. 168, 55 N.W.2d 512; Clark v. Josephson, N.D., 66 N.W.2d 539; Stokes v. Dailey, N.D., 97 N.W.2d 676.

We have examined the evidence as heretofore stated and find it is conflicting as to the claims made by the respective parties, and that there is substantial evidence to sustain the verdict of the jury. For these reasons, we will not interfere with the trial court's ruling denying motion for new trial on the ground of insufficiency of the evidence to justify the verdict.

We will next consider the defendant's specifications of errors of law.

The defendant's specifications of error may be grouped into two general grounds: (1) misconduct on the part of plaintiffs' attorney in his argument to the jury; and (2) admission into evidence of an exhibit without proper foundation.

In support of the specification of alleged misconduct on the part of counsel for the plaintiffs during rebuttal argument to the jury, the defendant assigns as error statements alleged to have been made in the argument which were improper, unfounded, and prejudicial. The argument to the jury was not taken by the court reporter. The reporter did take an objection to the argument as follows:

"that Counsel for the Plaintiff in his closing argument commenced to show the Jury certain figures which the Plaintiff's Counsel has written down upon the blackboard, said blackboard being in the presence of the Jury."

Counsel for the plaintiffs then stated he would like the record to show what the figures on the blackboard were and dictated them into the record. This consisted of a computation of the charges and credits, listing each item separately, and the amounts. We have examined these items in the light of the testimony and find they have support in the evidence. The trial judge, without a request therefor, immediately admonished the jury that they were the sole judges of all the facts; that they were to rely upon their own recollections as to what the testimony was; and that, if it

differed from that shown by counsel, they should follow their own recollection. We find no error. King v. Railway Express Agency, Inc., N.D., 107 N.W.2d 509.

Counsel also specifies that plaintiffs' counsel, in his rebuttal argument to the jury, called the defendant a "liar," a "pathological liar," and a "crook." It appears these remarks were made in connection with an exhibit received in evidence. The defendant had been examined on a letter received by the plaintiffs. He denied the authorship of the letter, whereupon he was asked to write its contents upon another piece of paper as it was dictated to him. The two writings were then introduced as one exhibit. Its purpose was to permit the jury to compare the handwritings and to determine the veracity of defendant's testimony.

No motion was made for a mistrial and no objection was made during the trial to the alleged remarks. Counsel did not interrupt the closing argument when the alleged statement was made, nor did he request the court at the close of the argument, to direct the jury to disregard the alleged prejudicial statements. In fact, it does not appear from the record that anything was said pertaining to this alleged misconduct during the trial. Defendant's counsel filed an affidavit in support of this specification of error with his motion for a new trial.

The verdict was returned on December 20, 1963. The motion for new trial was argued on January 8, 1964. On conclusion of the arguments on the motion, the court rendered its decision from the bench denying the motion for new trial. The court did not file a written memorandum as provided by Rule 59(f), North Dakota Rules of Civil Procedure. Instead, it dictated its decision into the record. The court, in denying the motion for new trial, stated in regard to this specification as follows:

"There was no objection at the time of argument nor was there a record made. I of course, recall the statement made substantially as set forth by Mr. Ginnow in the Affidavit however on the state of the record a New Trial could not be granted on these grounds even if such argument was improper, which I do not believe it was."

In his brief to this court, counsel states he has not denied the use of the words in his final argument to the jury. He argues that the precise language does not appear in the record as is required and that the language was well justified as an inference drawn from the testimony in the case, particularly the testimony of the defendant. Counsel argues that because of the many contradictions it is obvious someone was lying.

■ We have held that counsel is allowed great latitude in the presentation of argument, subject to regulation and control of the court whose duty it is to confine the argument within proper limits. Tice v. Mandel, N.D., 76 N.W.2d 124; King v. Railway Express Agency, Inc., supra.

The trial judge did not instruct the jury, as is ordinarily done, that if counsel for either side during the course of the trial or during the heat of the argument made any statement not warranted by the evidence it should be wholly disregarded by the jury.

■ The question as to whether there was a waiver by the defendant of the right to raise misconduct as a ground for new trial when the moving party failed to take exception to such misconduct, or invoked action by the court with respect thereto at the time of its occurrence, is answered in Bradley v. Krogen, 67 N.D. 108, 270 N.W. 93. In that case this court held that a trial court, in ruling on a motion for a new trial, may take into consideration the misconduct of a witness during the course of the trial, even though the moving party had failed to take exceptions to such misconduct or invoke action by the court with respect thereto at the time of its occurrence. Therefore the trial court, in ruling on a motion for a

new trial, may take into consideration misconduct alleged to have occurred during the trial, even though the moving party made no objection or failed to invoke the action of the court at the time of occurrence. The trial court, in this case, ruled and held the alleged argument was not improper.

■ The trial court is clothed with a broad discretion, in passing on the effect of an irregularity during the course of the trial, in determining whether a new trial should be granted because a fair trial was prevented thereby. Bradley v. Krogen, supra; Burdick v. Haggart, 4 Dak. 13, 22 N.W. 589.

■ We are agreed that the use of the words set forth above by counsel in his rebuttal argument to the jury were improper and constitute misconduct. It cannot be said it was a proper argument and we feel the court of its own motion should have suppressed the argument at this point, reprimanded counsel, and admonished the jury to disregard it. However, the majority of the court is of the opinion that it has not been shown to have resulted in an unfair trial and, therefore, is not prejudicial. Misconduct of counsel, in order to warrant the granting of a new trial, must appear to have been prejudicial to the interests of the complaining party. Northern Trust Co. v. Bruegger, 35 N.D. 150, 159 N.W. 859, Ann. Cas.1917E, 447; 39 Am.Jur., New Trial, Sec. 53.

The majority of the court finds that the verdict is within the evidence of record in this case. The evidence is conflicting and we said earlier in this opinion that there is substantial evidence to sustain the verdict of the jury; therefore, we declined to grant a new trial on the ground of insufficiency of the evidence to justify the verdict. The trial court denied the motion for new trial on the ground of misconduct. The trial judge who "breathes the atmosphere of the trial" is in a better position to determine whether any prejudicial effect resulted from the statements than is this court, which has

before it only the cold record. For these reasons the majority of the court does not find that the trial court abused its discretion in denying new trial on this ground.

The writer of this opinion, however, is not in agreement with the conclusion of the majority of the court on this matter. The writer feels that the words employed by counsel in denouncing the adverse party of this case are so reprehensible as to shock the conscience and that they were calculated to humiliate and degrade the defendant in the eyes of the jury. The impropriety of counsel in calling the defendant a "liar," a "pathological liar," and a "crook" is so reprehensible that it should not be tolerated as a permissible argument to a jury and especially so where the adverse party has not been impeached. The writer of this opinion feels that when the challenged words were spoken the trial court had a duty to immediately suppress the argument, to caution the jury against being influenced thereby, and to tell counsel to keep within the bounds of propriety during the remaining portion of his argument. In the case at bar the trial court did not even give the usual cautionary instructions to the jury.

It is stated in 53 Am.Jur., Trial, Sec. 502, as follows:

"Use of Abusive Language—In Reference to Party in Civil Action.—While much latitude has always been accorded counsel in performing the duties owed by them to their clients and to public justice, argument should never be permitted to degenerate into wanton abuse or unauthorized license. A common instance of misconduct of counsel in argument is the unfounded denunciation of the adverse litigant in order to excite the resentment of the jury against him. Hence, while any conduct of a litigant or his counsel, so far as it has appeared before the jury in the trial of a cause, which bears upon the good faith of a litigant's contentions is a proper subject of comment by the adverse counsel, it is not within the privilege of counsel,

in argument before a jury, to use language calculated to humiliate and degrade the opposing party in the eyes of the jury and bystanders, especially where he has not been impeached."

Conduct of attorneys in the course of a trial is at all times subject to proper regulations by the presiding judge and he has the affirmative duty of regulating and controlling their conduct when the occasion arises.

"In the exercise of its power to control proceedings at the trial, it is the duty of the court, either of its own motion or impelled by the objections of adverse counsel, to exercise a sound discretion to compel counsel to keep within the bounds of propriety during his argument to the jury. So long as counsel in arguing to the jury stays within the record and does not indulge in invective, resort to abuse, or attempt any improper appeal to prejudice, the court cannot control his remarks, however forceful they may be; but where counsel exceeds these bounds, the court should interrupt the argument on its own motion and admonish counsel that he must confine himself to proper argument, in the absence of an express exception to prejudicial statements by counsel in argument not precluding the trial court from correcting the error." 53 Am.Jur., Trial, Sec. 460.

See also 88 C.J.S. Trial § 196b.

If the presiding judge fails in his duty, such failure in my opinion constitutes irregularity in the proceedings of the court by which a party is prevented from having a fair trial and is a ground for a new trial. Rule 59(b) 1, N.D.R.Civ.P.

Counsel in his argument had the right to analyze the testimony and the exhibits and to point out to the jury any reason or reasons why he thought the witness was not worthy of belief; however, I do not feel that he should be permitted, in so many words, to state that the opposing party is a "liar," a "pathological liar," and a "crook." The statement was not only highly improper as an argument but amounted to an abuse of the party and tended to greatly prejudice the defendant's case in the eyes of the jury. Therefore, it is not for us to speculate as to what verdict the jury may have returned in the absence of such argument.

We held in Crosby v. Minneapolis, St. P. & S. S. M. Ry. Co., 61 N.D. 293, 237 N.W. 803, that it was prejudicial error for counsel to make a wholly unwarranted groundless statement which, in effect, charged the witness with knowingly giving false testimony.

In Major v. Alverson, 183 S.C. 123, 190 S.E. 449, the Supreme Court of South Carolina reversed the trial court and granted a new trial because counsel, during the argument, in referring to inconsistent defenses in defendant's answer, called him a "bare faced liar." The court said such statement was not only highly improper as an argument but amounted to an abuse of the party and tended to greatly prejudice the defendant's case in the eyes of the jury.

In Romann v. Bender, 184 Minn. 586, 239 N.W. 596, the Supreme Court of Minnesota held it was prejudicial misconduct warranting a new trial where counsel for the plaintiff, in his closing argument, directly charged the defendant's counsel with making false statements. The court held the trial court abused its discretion when it denied new trial on this ground.

For the reasons aforesaid, I disagree with the majority of the court on this point.

The last specification of error challenges the admission of plaintiffs' Exhibit No. 3 on the ground that no proper foundation was laid for its admission in evidence. It is a settlement sheet which plaintiffs received from another party for whom they did custom combining in 1962. It contains figures showing the number of acres combined, the number of bushels hauled, and the charge for the respective services. One of the plaintiffs testified that he had this sheet

in his possession when he and the defendant discussed terms, that he showed it to the defendant who looked at it, and that the settlement sheet was considered by them in arriving at the contract price. The defendant objected to its admissibility in evidence on the ground that no proper foundation was laid and other grounds. The court overruled the objection stating: "I believe your objection would go to the weight rather than admissibility."

 We find sufficient foundation was laid for its admission. It was identified as an instrument used in the presence of both parties at the time they were discussing terms to be incorporated into an oral contract.

Rule 61 of the North Dakota Rules of Civil Procedure provides:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

Whether the exhibit in question should have been excluded on the ground of lack of foundation rests largely in the discretion of the trial court. The trial court's ruling will not be disturbed in the absence of showing it affected the substantial rights of the parties. We find there has been no such showing here.

The order denying new trial and the judgment are affirmed.

BURKE, C. J., ERICKSTAD, J., and ADAM GEFREH, District Judge, concur.

STRUTZ, J., did not sit, Honorable ADAM GEFREH, District Judge, sitting in his stead.

KNUDSON, J., not being a member of this Court at the time of submission of this case, did not participate.