22230

The STATE, Respondent, v. Fred SINGLETON, Appellant.

(326 S. E. (2d) 153)

Supreme Court

*Deputy Appellate Defender William Isaac Diggs*, Columbia, *Public Defender James Spencer Verner*, Newberry, *Samuel M. Price, Jr.*, Newberry, and *Public Defender Geddes D. Anderson*, Greenwood, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.*, and *Staff Atty. Carlisle Roberts, Jr.*, Columbia, and *Sol. William T. Jones*, Greenwood, *for respondent.*

Heard Dec. 10, 1984.

Decided Jan. 31, 1985.

HARWELL, Justice:

The Appellant Fred Singleton was convicted of murder, burglary, larceny, grand larceny of a motor vehicle, and criminal sexual conduct in the first degree. The trial judge sentenced him to death upon the recommendation of the jury. This case consolidates Singleton's direct appeal and mandatory review of the death sentence pursuant to S. C. Code Ann. § 16-3-25 (1983 Cum. Supp.). We affirm.

On September 9, 1982, two sisters and a niece of 73 year old widow Mrs. Elizabeth Sease Lominick found her body in the bedroom of her Newberry County home, strangled with a bedsheet. The medical examiner found sperm and hemorrhaging in her vagina. The appellant was arrested in Georgetown County with diamond and gold jewelry and about $100 belonging to the victim in his pockets. The victim's car was also found in Georgetown County after the appellant identified it to a passer-by as his. The appellant's fingerprints were found on the car and on the screen to the bathroom window of Mrs. Lominick's house.

## GUILT PHASE

The first alleged error concerns the judge's refusal to strike for cause prospective juror James C. Sanders, Jr. The appellant peremptorily struck him after he stated on *voir dire* that he would always favor the death penalty for a murder conviction. We find no error in the court's refusal to strike the juror. Under the case of *Witherspoon v. Illinois*, 391 U. S. 510, 88 S. Ct. 1770, 20 L. Ed. (2d) 776 (1968), jurors who are so unalterably opposed to the death penalty that they could not faithfully discharge their duties under the law may be disqualified. *Witherspoon* does not require that jurors who favor capital punishment be excused. Nor does S. C. Code Ann. § 16-3-20(E) apply. Here, Mr. Sanders stated that he would consider any mitigating circumstances presented by the defense and would follow the judge's charge on the law. In addition, the appellant did not utilize all of his peremptory challenges. Therefore, no prejudice was shown.

The appellant's contention that death qualification of the jury resulted in a jury prone to convict in the guilt phase lacks merit under both *Witherspoon* and this Court's decisions. *See State v. Spann*, 279 S. C. 399, 308 S. E. (2d) 518 (1983).

The appellant objects to the admission of his confession into evidence. We disagree. The officer who took the confession told the appellant that "anything you say may be used for or against you." Under the circumstances, this could not be construed by the appellant as an offer of reward. In addition, the omission in the warning of the words "in court" did not render the confession inadmissible. A "talismanic incantation" is not required to satisfy *Miranda. California v. Prysock*, 453 U. S. 355, 101 S. Ct. 2806, 69 L. Ed. (2d) 696 (1981).

The appellant maintains that the trial court applied an improper standard of waiver when he found that the statement was made voluntarily but did not find an intentional relinquishment of the right against self-incrimination. We disagree. The trial court's finding was not detailed, but it met constitutional standards. The judge found beyond a reasonable doubt that the confessions were voluntarily given after the appellant had been afforded the required procedural safeguards.

The appellant excepts to the court's jury charge regarding the confession. We conclude that the charge as a whole correctly stated the applicable law and that the jury would have been warranted in finding the confessions were voluntary and uninfluenced by promise of reward, threats, or deprivation of rights.

The appellant's assertion that he was mentally incompetent when he confessed lacks evidentiary support. His expert witness testified that he had no reason to believe the appellant had an emotional disability when he made the confessions. See *State v. Moultrie*, S. C. 322 S. E. (2d) 663 (1984).

The appellant argues that the solicitor's argument was improper. The solicitor allegedly referred to his years of prosecuting experience and improperly stated that fingerprint evidence was the most exact kind. We cannot conclude that the solicitor overstepped his bounds sufficiently to prejudice the appellant. The evidence of guilt was overwhelming, as the appellant's trial attorney later admitted.

The appellant contends that the court erred in failing to properly instruct the jury on the evidentiary nature of the inference of malice, citing *State v. Elmore*, 279 S. C. 417, 308 S. E. (2d) 781 (1983). We find no error. No mandatory presumption was created, and the burden of proof was not shifted.

The appellant asserts error in the judge's refusal to grant his motion for mistrial, after the arresting officer mentioned the appellant's prior crimes in the jury's presence. The officer testified that he told the appellant that he was under arrest for escape and murder and that he asked the appellant where the correctional truck was. These references were extremely vague, and the evidence of guilt was overwhelming. Any error was accordingly rendered harmless. *State v. Robinson*, 238 S. C. 140, 119 S. E. (2d) 67 (1961). Fingerprint and palm-print cards were also introduced for identification. However, there was no indication that they had been taken in connection with a prior crime. They bore the date of the appellant's arrest for the instant crimes.

The appellant's assertion that the court erroneously defined reasonable doubt is meritless. *State v. Copeland,* 278 S. C. 572, 300 S. E. (2d) 63 (1982), *cert. denied,* 460 U. S. 1103, 103 S. Ct. 1802, 76 L. Ed. (2d) 367 (1983).

## PENALTY PHASE

The appellant challenges the propriety of the solicitor's penalty phase closing argument. According to the appellant, the solicitor went beyond the record, discussed the deterrent effect of the death penalty, and likened the appellant's acts to those of the devil. The solicitor allegedly went beyond the record in referring to the taming of the Oklahoma badlands through the hanging of undesirables. However, his statements considered as a whole were not so inflammatory as to constitute reversible error. The solicitor's argument that the death penalty deters crime was in response to the previous argument by the appellant's trial counsel denying any such effect. The appellant's trial attorney also quoted from the Sermon on the Mount in seeking mercy for the appellant. The solicitor committed no error by responding in kind. *State v. Plath,* 281 S. C. 1, 313 S. E. 619 (1984).

Although under the circumstances the solicitor's argument did not render the trial unfair, we caution solicitors to adhere closely to this Court's opinions.

The appellant's suggestion that the trial judge failed to instruct the jury on non-statutory mitigating circumstances lacks merit. The judge stated that the jury may consider "any mitigating circumstances ... which are supported by the evidence."

The judge's charge that the jury should not be guided by sympathy, prejudice, passion or public opinion was not error. *State v. Chaffee and Ferrell,* Opinion No. 22182, filed 11-13-84. The court's refusal to charge the jury a standard of proof for recommendation of death was proper. *See State v. Thompson,* 278 S. C. 1, 292 S. E. (2d) 581 (1982), *cert. denied,* 456 U. S. 938, 102 S. Ct. 1996, 72 L. Ed. (2d) 458 (1982).

## PROPORTIONALITY REVIEW

 The appellant entered an elderly widow's home by night, robbed her of wedding bands and money, raped her twice, strangled her to death and stole her car. The facts support the jury's imposition of the death penalty and are proportionate to the brutal scenarios presented by this State's previous death penalty cases.

We have searched the record for reversible error and have found none.

Affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.