22579

Marion E. VARNADORE, Jr., Respondent v. NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.

(345 S. E. (2d) 711)

Supreme Court

*Heyward McDonald* of *McDonald, McKenzie, Fuller, Rubin & Miller,* Columbia, *for appellant.*

*F. G. Delleney, Jr.* of *Strickland, Short, Keels & Delleney, P.A.,* Chester, *for respondent.*

Heard May 21, 1986.

Decided June 16, 1986.

CHANDLER, Justice:

Nationwide Mutual Insurance Company (Nationwide) appeals from a jury verdict rendered Marion E. Varnadore, Jr., (Varnadore) for actual and punitive damages.
We affirm.

## FACTS

Varnadore owned a 1979 Jeep Cherokee (Jeep), insured by Nationwide, which was destroyed by fire on April 6, 1984.

Nationwide paid the Jeep's lienholder, Springmaid Federal Credit Union, but refused to pay Varnadore for his equity interest, claiming the Jeep had been destroyed by arson.

Varnadore denied any wrongdoing. He testified that his Jeep gave out of gas while en route to having a tune-up of the engine which had been "skipping." The fire occurred during an abortive attempt to start the motor by priming the carburetor with gas. A friend who was with Varnadore contacted the Lowry's Volunteer Fire Department which extinguished the fire. Varnadore was interviewed at the scene by a highway partolman. No charges were filed against him.

Varnadore sued, alleging causes of action for breach of contract and for bad faith refusal to pay. Nationwide's motion for a directed verdict as to both causes of action was denied. The jury found for Varnadore on bad faith and returned a verdict for $3000 actual damages and $50,000 punitive damages.[1]

## ISSUES

Nationwide contends the trial judge erred:

---

[1] Counsel for appellant was not appellant's trial counsel.

(1) In failing to direct a verdict on the issues of its bad faith and reckless disregard of Varnadore's rights;

(2) In failing to make a proper curative charge on jury argument comments of Varnadore's counsel;

(3) In limiting the use of Varnadore's written statement;

(4) In refusing to admit into evidence an engineering report;

(5) In refusing a request to charge;

(6) In granting interest from date of loss.

## I. DIRECTED VERDICT

Nationwide contends that the issue of bad faith should not have been submitted to the jury. It argues that, from its own investigation, a reasonable basis was found to deny the claim, thereby entitling Nationwide to a directed verdict.

This position is not tenable. First, it binds the insured to the findings and conclusions of the insurer's own independent investigation; next, it effectually insulates the insurer from liability; and, finally, it forecloses a jury consideration of the insured's evidence of bad faith.

The law governing the issue of bad faith by an insurer in processing its insured's claim is stated in the clearest of language in *Nichols v. State Farm Mut. Auto. Ins. Co.*, 279 S. C. 336, 306 S. E. (2d) 616 (1983):

> We hold today that if an insured can demonstrate bad faith or unreasonable action in processing a claim under their mutually binding insurance contract, he can recover in a tort action ... Further, if he can demonstrate the insurer's actions were willful or in reckless disregard of the insured's rights, he can recover punitive damages.

279 S. C. at 340, 306 S. E. (2d) at 619.

The trial judge correctly instructed the law of *Nichols*. He charged the jury that (1) "the Plaintiff must prove that there was no reasonable basis to support the decision of the insurance company to deny certain insurance benefits ..."; and (2) that "[i]f there is any reasonable ground for contesting the claim, there is no bad faith and such is a matter depending upon circumstances existing when liability is declined ..."

A review of the record discloses, as in *Nichols*, competent evidence to support a jury finding of bad faith. The directed verdict motion was properly denied.

## II. CURATIVE INSTRUCTION

*After closing arguments*, and out of the presence of the jury, Nationwide objected to certain remarks made by Varnadore's counsel in closing argument. Counsel had stated Nationwide treated Varnadore "like a common criminal," and that the jury should consider "what it is worth to be accused of torching your car."

Nationwide contends that these statements invited the jury to consider mental distress in awarding damages. A curative instruction was correctly denied.

The procedure to be followed when objection is taken to remarks of counsel in jury argument is set forth in *Young v. Warr*, 252 S. C. 179, 165 S. E. (2d) 797 (1969):

> We have held that the proper course to be pursued when counsel makes an improper argument is for opposing counsel to *immediately* object and to have a record made of the statements or language complained of and to ask the court for a distinct ruling thereon. [Emphasis supplied.]

252 S. C. at 200, 165 S. E. (2d) at 807.

Accordingly, Nationwide's objection was not timely, and its exception will not be reviewed.

## III. ADMISSION OF STATEMENT INTO EVIDENCE

Nationwide sought to admit into evidence a written proof of loss statement Varnadore had given to its agent. The trial judge limited the use of the document because Varnadore had not been furnished a copy. S. C. Code Ann. § 19-1-100 (1976) provides:

> No statement taken from and signed by a witness or litigant after July 1, 1966, shall be used in any civil judicial proceeding for the purpose of contradicting, impeaching or attacking the credibility of such a witness or litigant, unless *such party shall have been furnished a copy of said statement at the time of its signing.* [Emphasis supplied.]

Nationwide contends this statute is inapplicable because the proof of loss form is not a "statement." We disagree. The form contained Varnadore's detailed account of the fire and was signed by him. Nationwide sought to use the document for impeachment.

The trial judge correctly applied § 19-1-100 in limiting Nationwide's use of the statement.

## IV. ENGINEER'S REPORT

At trial, Nationwide sought to introduce a report prepared by Hendrix Engineering. The trial judge ruled the report inadmissible on the ground it was prepared in anticipation of litigation and, thus, did not fall within the "business record" exception to the hearsay rule. *See* S. C. Code Ann. § 19-5-510 (1976).

Assuming, without deciding, that the report should have been admitted, the error was harmless. The author of the report testified to its contents. "Alleged error in the exclusion of offered evidence is of no avail if the same effect had been or was afterwards allowed to be given by the witness." *Smith v. Winningham*, 252 S. C. 462, 467, 166 S. E. (2d) 825, 827 (1969).

## V. NATIONWIDE'S
## REQUESTED CHARGE

Nationwide requested the trial judge to charge that:

It is not per se bad faith or unfair dealing on the part of an insurance company to resort to a judicial forum to resolve disputes with its insured, and liability can only be imposed where there has been a clear showing by the insured that the insurer unreasonably and in bad faith withheld payment.

For this position, Nationwide cites *Trimper v. Nationwide Ins. Co.*, 540 F. Supp. 1188, 1194 (D. S. C. 1982), which quoted this language from *Christian v. American Home Assurance Co.*, 577 P. (2d) 899 (Okla. 1977).

While this is a correct statement of the law, there was no error in refusing the request. The substance of the request was included in the trial judge's instruction.

## VI. INTEREST

Nationwide contends the trial judge erred in assessing interest from the date of the loss. This issue was decided adversely to Nationwide in *Flynn v. Nationwide Mut. Ins. Co.*, 281 S. C. 391, 315 S. E. (2d) 817 (Ct. App. 1984). We cited *Flynn* with approval in *Jacobs v. American Mut. Fire Ins. Co.*, 287 S. C. 538, 340 S. E. (2d) 142 (1986). Here, again, we affirm the reasoning stated therein.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.