476 S.E.2d 700

**Michelle DIAL, Personal Representative of the Estate of John Mark Dial, Appellant,**

v.

**NIGGEL ASSOCIATES, INC., and Freddie B. George, Respondents.**

No. 2436.

Court of Appeals of South Carolina.

Submitted and Decided March 18, 1996.

Rehearing Denied Oct. 16, 1996.

David A. Fedor and James C. Anders, both of Fedor, Anders, Massey & Whitlark, Columbia, for appellant.

Ronald E. Boston and Curtis L. Ott, both of Turner, Padget, Graham & Laney; Robert C. Brown and Donna Seegars Givens, both of Brown & Woods, Columbia, for respondents.

## ORDER GRANTING PETITION FOR REHEARING

PER CURIAM:

After a careful consideration of the respective Petitions for Rehearing, it is ordered that the opinion heretofore filed, Op. No. 2436, filed December 20, 1995, be withdrawn and the attached opinion be substituted. The Petitions for Rehearing are granted without oral argument.

/s/ Curtis G. Shaw, J.

/s/ Jasper M. Cureton, J.

/s/ Kaye G. Hearn, J.

PER CURIAM:

Michelle Dial, as personal representative of the estate of John Mark Dial, brought this negligence action against Niggel Associates, Inc. (Niggel) and Freddie B. George. The jury rendered judgment for Niggel and George. We reverse and remand for a new trial.

This action arose from a motor vehicle accident in which John Dial, a Richland County Sheriff's Deputy, was killed. George, an employee of Niggel's, pled guilty to felony DUI in

the companion criminal case.[1]  In this civil action, during closing arguments, George's attorney interjected a racial issue, and made remarks attacking the honesty and credibility of Dial and her attorney.  Dial failed to object.

On appeal Dial asserts the trial court erred in denying her motion for a new trial or judgment notwithstanding the verdict on the ground the statements made by George's attorney were clearly prejudicial.  During closing arguments, George's attorney made certain statements insinuating his client had been railroaded into pleading guilty in the criminal trial because he was a black man and the deceased was a white man.  He also attacked the credibility of Dial and her attorney.  George's attorney stated:

> [George] was driving on the public highways and he was .27. That's a D.U.I.  He accepted his responsibility, and he got railroaded.  He got railroaded, ladies and gentlemen. Freddie George is serving 18 years of his life because he got railroaded.

> .    .    .    .    .

> What's going on here?  I'll tell you what's going on.  This man is on a set of tracks to prison because a police officer had died.  But yet, a police officer is no better or worse than anybody else.  My client has been railroaded.  And he will not be railroaded today.  You will reap what you sew (sic) as they said.

> And they have sewed (sic) deceit, deception, lies and misconception.  And they are the ones trying to trick you.

> .    .    .    .    .

> Did you see the videotape when they put it on that fancy t.v. they had here?  There were cop cars everywhere, cops crawling over that place.  A police officer has died.

> .    .    .    .    .

> Now, if you're drunk and you're driving, you know you're guilty of D.U.I. and you've got a dead cop and there ain't no evidence that you can put your hands on that's going to help

---

1.  Subsequent to this civil trial, George was allowed to withdraw his guilty plea in an action for post-conviction relief.

you, what else you going to do? You're a black man and there's a white police officer dead in the car over there.

■ While this court appreciates the zeal with which George's counsel represented his client, we believe his comments to the jury far exceeded the bounds of proper argument. George's counsel's arguments concerning race, his statements concerning the "deceit, deception [and] lies" purportedly practiced by Dial's counsel and his repeated assertions that his client was "railroaded" were clearly prejudicial.

■ Niggel and George argue this court is precluded from addressing the remarks because Dial failed to object to the remarks and thus failed to preserve the issue. We disagree. A contemporaneous objection is generally required to preserve an error for appellate review. *State v. Hoffman*, 312 S.C. 386, 440 S.E.2d 869 (1994). However, a new trial motion may be granted even absent a contemporaneous objection in flagrant cases where an inflammatory argument results in clear prejudice. *Toyota of Florence, Inc. v. Lynch*, 314 S.C. 257, 442 S.E.2d 611 (1994); *South Carolina State Highway Dep't v. Nasim*, 255 S.C. 406, 179 S.E.2d 211 (1971). Our ruling in this case should not be interpreted as lessening the obligation of counsel to object to improper arguments made by an adversary. It would have been preferable for Dial's attorney to have objected to these comments. However, even in the absence of an objection, this court will not countenance the content and tenor of the remarks.

A potential pitfall inherent in our resolution of this issue is that attorneys may make a strategic decision to remain silent during the objectionable conduct and then seek a reversal on appeal in the event the verdict is against their client. However, this possibility originated with the issuance of the supreme court's opinion in *Toyota of Florence, Inc.*, not with this decision. Our view of the rule enunciated in *Toyota* is that the appellate court must decide, on a case by case basis, whether the conduct is sufficiently egregious to warrant reversal in the absence of a contemporaneous objection. We find the comments by George's counsel in this case meet the test.

Niggel and George argue this court cannot determine the prejudicial effect of the remarks because Dial failed to provide a transcript of the entire trial. We disagree. We find these

remarks are clearly prejudicial and do not require an extensive review of the trial record.

REVERSED AND REMANDED.

SHAW, CURETON and HEARN, JJ., concur.