509 S.E.2d 269

**Michelle DIAL, Personal Representative of the Estate of John Mark Dial, Respondent,**

v.

**NIGGEL ASSOCIATES, INC. and Freddie B. George, Petitioners.**

No. 24859.

Supreme Court of South Carolina.

Heard Feb. 17, 1998.

Decided Nov. 30, 1998.

Rehearing Denied Feb. 2, 1999.

Ronald E. Boston and Curtis L. Ott, both of Turner, Padget, Graham & Laney, P.A., of Columbia, for Petitioner Niggel Associates, Inc.

Robert C. Brown, of Brown & Brehmer, of Columbia, for Petitioner Freddie B. George.

David A. Fedor, of Fedor, Massey, Whitlark & Ballou, of Columbia, for respondent.

MOORE, Justice:

This case is before us on a writ of certiorari to review the

Court of Appeals' decision [1] reversing the jury's verdict on the ground of inflammatory argument by counsel. We take this opportunity to clarify the narrowness of our holding in *Toyota of Florence, Inc. v. Lynch*, 314 S.C. 257, 442 S.E.2d 611 (1994), and reverse.

## FACTS

Respondent's (Dial's) husband, a sheriff's deputy, was killed when the patrol car he was driving collided with a truck owned by petitioner Niggel Associates and driven by Niggel's employee, petitioner George. George subsequently pled guilty to felony driving under the influence. Dial then commenced this wrongful death action to recover for the death of her husband.[2] She alleged George was driving while intoxicated and caused the wreck by turning left across Deputy Dial's lane of travel.

At trial, proximate cause was a contested issue. Dial argued Deputy Dial's death was caused solely by George's negligence. In his defense, George argued the collision was caused by the excessive speed of the patrol car without headlights (it was dusk) or flashing signals to indicate speed.

The jury returned a defense verdict. Dial made a post-trial motion complaining certain remarks by counsel during closing argument were so inflammatory as to merit a new trial despite the fact that no contemporaneous objection was made. The trial judge denied the motion. On appeal, the Court of Appeals reversed relying on this Court's decision in *Toyota*.

## DISCUSSION

The Court of Appeals held the following remarks by George's counsel mandated a new trial under *Toyota:*

> [George] was driving on the public highways and he was .27. That's a D.U.I. He accepted his responsibility, and he got railroaded. He got railroaded, ladies and gentlemen.

1. 326 S.C. 329, 476 S.E.2d 700 (Ct.App.1996).

2. Dial brought the action in her capacity as personal representative of the deceased's estate. She is apparently the sole statutory beneficiary.

Freddie George is serving 18 years of his life because he got railroaded.

. . . .

What's going on here? I'll tell you what's going on. This man is on a set of tracks to prison because a police officer has died. But yet, a police officer is no better or worse than anybody else. My client has been railroaded. And he will not be railroaded today. You will reap what you sew (sic) as they said.

And they have sewed (sic) deceit, deception, lies and misconception. And they are the ones trying to trick you.

. . . .

Did you see the videotape when they put it on that fancy t.v. they had here? There were cop cars everywhere, cops crawling over that place. A police officer has died.

. . . .

Now, if you're drunk and you're driving, you know you're guilty of D.U.I. and you've got a dead cop and there ain't no evidence that you can put your hands on that's going to help you, what else are you going to do? You're a black man and there's a white police officer dead in the car over there.

### a. "Deceit and lies" argument

George contends the statement in argument that: "[T]hey have sewed (sic) deceit, deception, lies and misconception. They are the ones trying to trick you. . . ." should not have been considered by the Court of Appeals because it was not raised in Dial's post-trial motion. We agree.

In *Toyota*, we found reversible error despite the lack of a contemporaneous objection where the issue of inflammatory argument was raised for the first time in post-trial motions. *Toyota* cites the rule that "even in the absence of a contemporaneous objection, a new trial motion should be granted in flagrant cases where a vicious inflammatory argument results in clear prejudice." 314 S.C. at 263, 442 S.E.2d at 615 (*citing South Carolina State Highway Dept. v. Nasim*, 255 S.C. 406, 179 S.E.2d 211 (1971)).

■ *Toyota* sets forth a narrow exception to the general rule that a party must make a contemporaneous objection to

improper argument or the objection is waived. *See Varna-dore v. Nationwide Mut. Ins. Co.,* 289 S.C. 155, 345 S.E.2d 711 (1986). Under *Toyota,* the issue of inflammatory argument must be raised to the trial judge by way of post-trial motion to preserve the issue for appeal.

In this case, the record indicates the allegation of racial prejudice was the only complaint Dial raised in her post-trial motion regarding counsel's argument. This allegation does not encompass counsel's "deceit and lies" remark. In addressing this issue, the Court of Appeals went beyond *Toyota* and improperly considered an issue not preserved by post-trial motion.

■ In any event, on the merits, the "deceit and lies" statement does not rise to the level of a *Toyota* argument when considered in context. This statement was in response to accusatory remarks by Dial's counsel insisting George's failure to testify was a deceptive tactic. For instance, Dial's counsel stated:

> But if they want to hide something or if they want to do it that way, why didn't they put their man up? I'll tell you why, but you can infer it in your own way. *They didn't want you to know the truth.* They didn't want you to know why George turned the way he did. They didn't want you to see George. They didn't want you to judge him.
>
> . . . .
>
> Why didn't they put him on? They didn't put him on for one reason. They didn't put him on because they didn't want me or Jim to cross examine him, *to learn the truth that you are here to get today, the truth.*

Dial's counsel also referred to the use of a defense witness's deposition testimony rather than having the witness testify:

> Do you think that's the reason Sease didn't testify and come up here from the company? The one man from the company they put up was Mr. Swift who doesn't know anything about it. He conveniently for his company, not for him, was off sick at that time. *Don't you think if they want the truth they'd put somebody up here?*
>
> . . . .

If they wanted *the truth,* where is George, where is Sease, where is (sic) the company people? Not here.

We have held argument of counsel is not so inflammatory as to constitute a ground for reversal where counsel responds in kind to previous argument of opposing counsel. *State v. Singleton,* 284 S.C. 388, 326 S.E.2d 153 (1985). In this case, counsel's "deceit and lies" remark was in response to opposing counsel's repeated accusation of deception. In context, this remark was not so inflammatory as to come within the ambit of our decision in *Toyota.*

In conclusion, the Court of Appeals should not have considered counsel's "deceit and lies" argument in reversing the denial of Dial's post-trial motion. We take this opportunity to reiterate that the exception in *Toyota* excusing the failure to make a contemporaneous objection is limited to instances where the issue is raised to the trial judge by post-trial motion.

### b. Racial prejudice argument

■ The remainder of counsel's argument found inflammatory by the Court of Appeals refers to George being "railroaded" because he is a black man and Deputy Dial was a white police officer. These comments taken in context refer to George's guilty plea in the related criminal case.[3] George contends these remarks do not compel reversal under *Toyota.* We agree.

In *Toyota,* we considered an argument during which counsel used posters depicting characters with Oriental features involved in bribery and document shredding. Counsel's argument made an oblique reference to atomic bombs. One of the parties was a regional distributor of Toyota vehicles, a Japanese automotive brand. We found this argument was "outrageous" and counsel's conduct "abhorrent" for evoking such racial prejudice. 314 S.C. at 263, 442 S.E.2d at 615.

---

**3.** Dial's counsel first raised George's guilty plea in his own closing:

   If speed was the cause of this death, why did [G]eorge plead guilty?

   . . . .

It was the fault of Dial? Then why is George pleading guilty to these charges?

   . . . .

George was drunk. And for that he pled guilty. It was his fault.

In allowing an exception to the contemporaneous objection rule, *Toyota* relied on *Nasim, supra,* a land condemnation case. In that case, during closing argument, counsel referred to the State's land appraiser as a "quizzling quivaler" and stated: "Do you remember the 'quizzler' back in World War II? The ones back in Germany and France, the ones that sided up with the enemy?" 255 S.C. at 409, 179 S.E.2d at 212. He also referred to the witness as a "great highway robber" and stated that the witness was "tr[ying] to steal my client's property." *Id.* at 409–10, 179 S.E.2d at 212.

*Nasim* relies on *Major v. Alverson,* 183 S.C. 123, 190 S.E. 449 (1937), in allowing an exception to the contemporaneous objection rule. *Nasim* specifically quotes the conclusion in *Major* that calling the opposing party a "bare-faced liar" was not merely improper "but amounted to an abuse of the witness. . . . *In short, where counsel applies to a witness or litigant abusive epithets, he will do so at his own peril.*" 255 S.C. at 411, 179 S.E.2d at 212 (*quoting Major,* 183 S.C. at 125, 190 S.E. at 450 (emphasis added)).

*Nasim* also cites *Edwards v. Union Buffalo Mills Co.,* 162 S.C. 17, 159 S.E. 818 (1931), where counsel referred to the opposing party's expert witnesses in argument as follows:

I am casting no reflections on the doctors, but I think it was one distinguished Chief Justice who said, that there are two classes of liars. One, he said is the plain liars, and the other is the experts. Don't take that literally; I don't mean that, but I do mean that when you have money you can line up doctors on one side and doctors on the other, as many as you want to, and they will try to out-swear each other.

162 S.C. at 26, 159 S.E. at 821. In reversing and remanding for a new trial, *Edwards* specifically noted that "witnesses are entitled to the protection of the Court." *Id.* at 28, 159 S.E. at 822.

■ *Toyota* and the line of cases preceding it concern abuse of a witness or litigant. Accordingly, we now clarify that our holding in *Toyota* excuses the failure to make a contemporaneous objection only where the challenged argument constitutes abuse of a party or witness.

Counsel's "railroading" and racial remarks, while objectionable,[4] do not constitute abuse of a litigant or witness in this case. Counsel's remarks were directed toward the circumstances of George's guilty plea and not the opposing party or witnesses in this civil trial. Further, in *Toyota* we noted the element of surprise and found prejudice because counsel could not refute such a personal attack. In this case, Dial's counsel chose not to object but responded to the racial reference in his rebuttal argument.

We caution that our decision today in no way condones the sort of racial argument employed by counsel in this case. When there is no factual basis for such an argument, the injection of race is clearly objectionable. Had counsel objected, this case would be in a completely different posture. We find no reason, however, to extend the narrow exception of *Toyota* to cases not involving abuse of a party or witness.

**REVERSED.**

Acting Associate Justices GEORGE T. GREGORY, JR. and L. HENRY McKELLAR, concur.

TOAL, J., and FINNEY, C.J., dissenting in separate opinion.

TOAL, Justice:

The majority holds that *Toyota of Florence, Inc. v. Lynch,* 314 S.C. 257, 442 S.E.2d 611 (1994) excuses the failure to make a contemporaneous objection only where the challenged argument constitutes abuse of a party or witness. Such a holding is not supported by our case precedent. Accordingly, I dissent.

A reading of *Toyota* and its predecessor cases reveals that they address prejudicial arguments by counsel generally, and not just those. arguments that concern witnesses or litigants. The cases cited by the majority support this analysis. In *Edwards v. Union Buffalo Mills Co.,* 162 S.C. 17, 29, 159 S.E. 818, 822 (1931), we found that "the language complained of in the case under review was highly prejudicial, calculated to

---

4. There is nothing in the record indicating these remarks were supported by the facts surrounding George's guilty plea.

arouse the prejudices of the jurors, and did undoubtedly contribute to induce the verdict which was rendered." In *Major v. Alverson,* 183 S.C. 123, 126, 190 S.E. 449, 451 (1937), it was held:

> [W]here counsel, as in this case, uses improper and abusive language in his argument to the jury, to the clear hurt and prejudice of the complaining party, we feel that it is our duty to remand the case for trial in accordance with correct and proper rules of procedure and conduct.

In fact, *Major* clearly distinguished between improper arguments and abuse of witnesses: "Such a statement was *not only* highly improper as an argument, *but amounted to* an abuse of the witness and tended to greatly prejudice defendant's case in the eyes of the jury." *Id.* at 125, 190 S.E. at 450 (emphasis added).

The majority also cites *South Carolina State Highway Department v. Nasim,* 255 S.C. 406, 179 S.E.2d 211 (1971). The clear holding of *Nasim* is that objection to improper argument is required, except in flagrant cases and where prejudice appears. The *Nasim* Court quoted *Johnson v. Charleston & Western Carolina Railway Company,* 234 S.C. 448, 108 S.E.2d 777 (1959) for the following proposition:

> It has been settled by many decisions of this court that, except in flagrant cases and where prejudice clearly appears, objection to improper argument of counsel should be made then and there, and comes too late if not made until after the verdict has been rendered.

*Nasim,* 255 S.C. at 410, 179 S.E.2d at 212.

*Nasim* then declared: "We adhere to that rule. We reverse the case before us because the argument falls within the exception." This holding was again confirmed in the case:

> While it is true that the trial judge has very broad discretion in the conduct of trial, the rule does make exception for "flagrant cases and where prejudice clearly appears." In light of the vicious inflammatory nature of the remarks made we conclude that this case presents the exception allowed by our rule in *Johnson, supra.*

*Nasim,* 255 S.C. at 411, 179 S.E.2d at 213. Further,

> It is a general rule of law that inflammatory remarks made by counsel in argument which are calculated to appeal to the

passions or prejudices of a jury should be affirmatively condemned by the trial court. . . .

In the final analysis, whether or not the particular arguments are so prejudicial as to constitute reversible error depends upon the nature of the utterances and the circumstances under which they were made. Here the remarks were so vicious and the likelihood of prejudice so strong that we are persuaded that the highway department did not receive a fair and impartial trial which is the inherent right of every litigant.

*Nasim,* 255 S.C. at 411–12, 179 S.E.2d at 213. Nowhere is there any mention in *Nasim* that its rule is confined to abuse of witnesses and litigants.

Most significantly, there is no indication in *Toyota* that it is restricted to arguments abusive to a party or witness. *Toyota*'s explicit holding is as follows:

The general rule is that the lack of a contemporaneous objection to an *improper argument* acts as a waiver. This Court has held, however, that even in the absence of a contemporaneous objection, a new trial motion should be granted in flagrant cases where a *vicious, inflammatory argument* results in clear prejudice. We can hardly conceive of a more *outrageous argument* than that made here.

*Toyota,* 314 S.C. at 263, 442 S.E.2d at 615 (citations omitted) (emphasis added). The focus of the opinion is on the improper closing argument. To suggest that *Toyota* applies only to arguments that abuse witnesses or litigants is to add to the case a restriction it does not contain. The Court of Appeals has also recognized the clear holding of *Toyota:* "We realize the Supreme Court has held, even in the absence of a contemporaneous objection, a new trial should be granted in flagrant cases where a vicious, inflammatory argument results in clear prejudice." *State v. Peay,* 321 S.C. 405, 412–13, 468 S.E.2d 669, 673 (Ct.App.1996).

The *Toyota* rule seeks to prevent "vicious, inflammatory" arguments. This rule protects witnesses and litigants; however, its principal purpose is to ensure a fair trial by discouraging attorneys from making outrageous and highly prejudicial arguments. It is not analytically convincing to suggest that this rule should apply only to abusive comments about

witnesses and litigants, but not to other equally inappropriate comments that do not directly concern witnesses and litigants. For example, under the majority's rule, if during closing argument, an attorney referred to opposing counsel (or even the judge) as "one who makes Adolf Hitler look like Mother Teresa," then *Toyota* would be inapplicable, despite the grossly inflammatory and prejudicial nature of the comment. However, if the very same statement were made about an expert witness in the case, then the *Toyota* rule would be applicable. There is no reasoned justification for the distinction between the two. Perhaps it is for this reason that our case law has never restricted the *Toyota* rule to abusive comments about witnesses and litigants.

It is understandable that in most situations the prejudicial comments of counsel would probably concern litigants or witnesses; however, simply because this may be the typical situation does not mean that *Toyota* is confined to such situations. Attorneys are clever enough to find other objects for their inflammatory comments in order to improperly influence the jury. The facts of the instant case are illustrative. Here, although counsel's comments did not constitute abuse of a witness or litigant, they were nevertheless inflammatory and intended to prejudice the jury by "playing the race card." Counsel, in the course of his argument, deliberately painted the image of Niggel's driver, Freddie George, being railroaded. The word "railroaded" was repeatedly mentioned in the course of the argument. Counsel stated George is "on a set of tracks" to prison because a police officer had died. He then said:

Now, if you're drunk and you're driving, you know you're guilty of D.U.I. and you've got a dead cop and there ain't no evidence that you can put your hands on that's going to help you, what else you going to do? You're a black man and there's a white police officer dead in the car over there.

Counsel set up the "railroaded" argument to ultimately play on the racial feelings of the jury. His evident purpose was to plant in the jury's mind the idea that defendant George's guilty plea to felony driving under the influence was somehow the product of a racially discriminatory prosecution. There is absolutely nothing in the record to support counsel's veiled charge of racism. This sort of unjustifiable attack on the

integrity of a previous, legitimate court proceeding, in order to gain advantage in another court proceeding, undermines the very foundation of the American jury trial system. This Court should not countenance or reward such conduct. I find this to be entirely improper and would grant a new trial under *Toyota.*

FINNEY, C.J., concurs.