THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Nellie Ellison,
 Individually and as Guardian ad Litem for Kashawn R., Keshawn R., and Kevin
 R., Appellants,
 
 
 

v.

 
 
 
 Rudolph Brown, Respondent.
 
 
 

Appeal From Marion County
Michael G. Nettles, Circuit Court Judge

Unpublished Opinion No. 2012-UP-174  
 Heard February 15, 2012  Filed March 14,
2012

AFFIRMED

 
 
 
 H. Thad White, Jr., of Florence, for
 Appellants.
 R. Hawthorne Barrett, of Columbia; and R.
 Heath Atkinson, of Florence, for Respondent.
 
 
 

PER CURIAM:  Nellie
 Ellison, individually and as Guardian ad Litem for Kashawn R., Keshawn R., and
 Kevin R. (collectively, Appellants) appeal a jury verdict finding Rudolph Brown
 not liable for injuries they sustained when their car was rear-ended by Mr.
 Brown's car.  Appellants raise two arguments on appeal.  We affirm.

1. Appellants argue the
 trial court erred in permitting the reading and admission of Dr. T. Rhett
 Spencer, Jr.'s deposition because Dr. Spencer's testimony failed to satisfy the
 "most probably" rule.  However, Appellants objected only after subsequent
 questioning and the conclusion of direct examination.  Therefore, this issue is
 unpreserved.  See Lindsey v. City of Greenville, 247 S.C.
 232, 240-41, 146 S.E.2d 863, 868 (1966) (holding the trial court properly
 overruled an objection for failure to be timely raised because it challenged
 testimony introduced during direct examination and was not raised until after
 the expert's direct examination had concluded); Holroyd v. Requa, 361
 S.C. 43, 60, 603 S.E.2d 417, 426 (Ct. App. 2004) (cert. granted) ("Failure
 to object to the introduction of evidence at the time the evidence is offered
 constitutes a waiver of the right to have the issue considered on appeal.").
2.  Appellants argue the trial court erred in denying
 their motion for a new trial based upon certain assertions made during Mr.
 Brown's closing argument.  However, Appellants did not object during any
 portion of Mr. Brown's closing argument.  Moreover, their post-trial motion
 only challenged the assertions that Mr. Brown's estate and widow would pay the
 jury's verdict, and these assertions do not constitute abuse of a party or
 witness.  Therefore, this issue is unpreserved.  See Dial v. Niggel
 Assocs., Inc., 333 S.C. 253, 256-57, 509 S.E.2d 269, 270-71 (1998)
 (providing that the failure to make a contemporaneous objection to an improper closing
 argument waives any challenge to the argument unless the closing argument
 "constitutes abuse of a party or witness" and the complained of argument
 was raised by post-trial motion).
AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur.