**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Care and Treatment of Jeffrey Scott Owens, Appellant.

Appellate Case No. 2021-000812

Appeal From Spartanburg County
Grace Gilchrist Knie, Circuit Court Judge

Unpublished Opinion No. 2024-UP-162
Submitted April 1, 2024 – Filed May 8, 2024

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

**PER CURIAM:** Jeffrey Scott Owens appeals an order of commitment issued by the circuit court after a jury found he was a sexually violent predator under the South Carolina Sexually Violent Predator Act. Owens argues his motion for a new trial should have been granted because of improper comments in the State's closing argument and the trial court's failure to instruct the jury to disregard them. We affirm pursuant to Rule 220(b), SCACR.

On appeal, Owens contends his post-trial motion for a new trial was sufficient to preserve the issue for appeal.  We disagree.  Although Owens promptly objected to the remarks at issue and the trial court sustained his objection, it was necessary for Owens to request a curative instruction or move to strike.  *See State v. Patterson*, 324 S.C. 5, 18, 482 S.E.2d 760, 766 (1997) (holding the defendant, by failing to move to strike or request a curative instruction after the trial court sustained his objection to a comment made the by State in its closing argument, failed to preserve for appeal his argument that the comment was improper).  We acknowledge our supreme court has excused the failure to make a sufficient contemporaneous objection to an argument by opposing counsel when "the challenged argument constitutes abuse of a party or witness."  *See Dial v. Niggel Associates, Inc.*, 333 S.C. 253, 259, 509 S.E.2d 269, 272 (1998).  However, because the comments at issue here were made in response to statements in Owens's closing argument, they were not of such an inflammatory nature so as to excuse Owens's failure to either move to strike them or request a curative instruction.  *See id.* at 258, 509 S.E.2d 271 ("[A]rgument of counsel is not so inflammatory as to constitute a ground for reversal where counsel responds in kind to previous argument of opposing counsel.").  Furthermore, to the extent the basis for Owens's objection to the remarks was a violation of the "golden rule," case law suggests a contemporaneous and sufficient objection would have been required to preserve the issue for appeal.  *See Von Dohlen v. State*, 360 S.C. 598, 613, 602 S.E.2d 738, 746 (2004) (holding trial counsel should have made a timely objection to an improper "golden rule argument" because "[t]he argument indisputably ask[ed] the jurors to abandon their impartiality and view the evidence and potential sentence from Victim's viewpoint").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.