18189

Berlene D. JOHNSON, Respondent, v. WABASH LIFE INSURANCE COMPANY, Appellant

(135 S. E. (2d) 620)

96

*Messrs. Willcox, Hardee, Houck, Palmer & O'Farrell,* of Florence, *for Appellant,*

*Messrs. Gasque, Seals & Gasque* and *Jack G. Duncan,* of Marion, *for Respondent,*

March 26, 1964.

Moss, Justice.

The appellant, Wabash Life Insurance Company, on December 3, 1962, issued a hospital insurance policy to Berlene D. Johnson, the respondent herein. By the terms of said policy, the appellant agreed to pay to the insured certain hospital and surgical expense incurred by her.

The respondent instituted this action alleging that while the aforesaid policy was in full force and effect she was hospitalized in the McLeod Infirmary, in Florence, South Carolina, there receiving medical and surgical treatment from February 16, 1963, through March 24, 1963. She also alleges that she filed a claim for the benefits due her under said policy and the appellant refused to honor or pay said claim.

The appellant admitted the issuance of the aforesaid policy of insurance and that the respondent had been hospitalized, as is above set forth, but refused to pay the claim upon two grounds: (1) That there were misrepresentations in the application of the respondent as to her previous physical condition; and (2) That the respondent was hospitalized for a condition that existed prior. to the effective date of the policy, and such was not covered under the terms of the policy. During the course of the trial, the appellant

abandoned the first defense and relied solely on the defense that the illness for which the respondent was hospitalized was for a condition that existed prior to the effective date of the policy.

This case came on for trial before the Honorable Louis Rosen, Presiding Judge, and a jury, at the 1963 September term of the Court of Common Pleas for Marion County. The appellant, at appropriate stages of the trial, made motions for a nonsuit and a directed verdict upon the ground that the hospitalization of the respondent, for which she was claiming benefits under the policy, was for illness, the cause of which originated prior to the issuance of the policy, and that the claim was made within the two-year contestable provision thereof. When this motion was refused, the appellant consented to a jury verdict for the amount of the claim, reserving the aforesaid policy defense. The appeal here is from the refusal of the Trial Judge to direct a verdict in favor of the appellant upon the ground stated.

The appellant contends that the respondent had a pre-existing kidney condition, medically described as hydronephrosis and cystitis for some time prior to the date of the policy and that the hospitalization for which the respondent claims compensation was for the same kidney condition that had so existed. The respondent admits that her illness, for which she was subsequently hospitalized, pre-existed the issuance of the policy in question. It is the position of the respondent that the appellant waived the provisions of the insurance contract and is estopped from relying thereon.

There is abundant undisputed evidence that the respondent advised the agent of the appellant of her physical condition at the time the application for the insurance in question was taken. The husband of the respondent testified that he told the agent of the appellant at the time the application for the insurance was taken that "If you got any disease listed in your book that she hasn't got, I like to know it." In the application of the respondent, a negative answer

was given to the question of whether the respondent had ever had a kidney disease. The testimony shows that when the policy in question was delivered to the respondent and she discovered that the information which she had given to the agent, as to her physical condition, had not been clearly and correctly stated in the application, such policy was returned to the agent to correct the application. Later, the policy was returned to the insured without any change being made therein.

The pertinent provisions of the policy of insurance in question provides as follows:

Wabash Life Insurance Company * * * "does hereby insure the person whose name appears as the Insured in the Schedule immediately below against loss by reason of hospital and surgical expense incurred by the Insured * * * resulting from sickness of which the cause originates while this policy is in force * * * to the extent herein provided, subject, however, to all conditions and provisions herein contained or endorsed hereon."

"No claim for loss incurred or disability * * * commencing after two years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this policy."

It is a well-settled rule that the terms of an insurance policy must be construed most liberally in favor of the insured and where the words of the policy are ambiguous or where they are capable of two reasonable interpretations that construction will be adopted which is most favorable to the insured. However, in cases where there is no ambiguity, contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary and popular sense. If the intention of the parties is clear, the Courts have no authority to change the contract in any particular. The Court has no power to in-

terpolate into the agreement between the insurer and the insured a condition or stipulation not contemplated either by the law or by the contract between the parties. *Quinn v. State Farm Mut. Auto. Ins. Co.*, 238 S. C. 301, 120 S. E. (2d) 15; *Rhame v. National Grange Mut. Ins. Co.*, 238 S. C. 539, 121 S. E. (2d) 94, and *Garrett v. Pilot Life Ins. Co.*, 241 S. C. 299, 128 S. E. (2d) 171.

An insurer has the right to contract against liability resulting from pre-existing diseases, and in such case if the only reasonable inference from the evidence is that the claim of the insured resulted from disease already contracted and active at the time of the date and delivery of the policy, nonliability follows as a matter of law. *Ellis v. Capital Life & Health Ins. Co.*, 229 S. C. 388, 93 S. E. (2d) 118; *Chastain v. United Ins. Co.*, 230 S. C. 465, 96 S. E. (2d) 464. Insurance contracts cannot be created by waiver. The doctrine cannot be invoked by an insured to create a primary liability of the insurer for which all elements of a binding contract are necessary. In *Hodge v. National Fidelity Ins. Co.*, 221 S. C. 33, 68 S. E. (2d) 636, this Court said:

"* * * The doctrine of waiver 'cannot be successfully invoked to create a primary liability, or a liability for a benefit not contracted for at al'. 45 C. J. S., Insurance, § 674, p. 617. As stated in *Jones v. New York Life Insurance Co.*, 69 Utah 172, 253 P. 200, 203: 'The theory of the waiver of the terms of a contract must necessarily presuppose the existence of a valid contract. Unless and until a contract exists between the contracting parties it would seem to be illogical to contend that either party can be said to have waived any of the terms or requirements of the contract.' * * *" *Moore v. Palmetto State Life Ins. Co.*, 222 S. C. 492, 73 S. E. (2d) 688.

A waiver is an intentional relinquishment of a known right, while the essential elements of estoppel are the ignorance of the party who invokes the estoppel, representations, or conduct of the party estopped, which

mislead, and an innocent and deleterious change of position in reliance upon such representations or conduct. *Ellis v. Metropolitan Casualty Ins. Co.,* 187 S. C. 162, 197 S. E. 510.

In *Moore v. Palmetto State Life Ins. Co.,* 222 S. C. 492, 73 S. E. (2d) 688, this Court said:

"Some authorities hold that estoppel can never create a right although it may be urged for the protection of a right. We have held that the doctrine of waiver 'cannot be successfully invoked to create a primary liability, or a liability for a benefit not contracted for at all.' *Hodge v. National Fidelity Insurance Co.,* 221 S. C. 33, 68 S. E. (2d) 636, 640. But we have not gone that far with reference to estoppel. In *Ellis v. Metropolitan Casualty Insurance Co. of New York,* 187 S. C. 162, 197 S. E. 510, it was held that where elements of estoppel exist, an insurer may be precluded from asserting that a loss was not within the terms of the policy."

In the application of the respondent for the issuance of the policy herein sued upon, it was agreed that if the policy was issued it should not cover any sickness originating or accident sustained before the date of the policy. In conformity with the foregoing application, the policy as issued contained a provision that the company would not be liable under the policy to the insured unless the illness results "from sickness of which the cause originates while this policy is in force."

We do not think that there is any estoppel in this case. There is no claim of ignorance on the part of the respondent because she testified that she carefully read the policy and the application which was attached thereto. In fact, she returned the application and the policy to the appellant, stating that the information which she had given to the agent, as to her physical condition, had not been correctly stated in the application. She makes no complaint as to that portion of the application which provides

that if the policy is issued, it shall not cover any sickness originating before the date of the policy. There is no evidence that the appellant made any representations which misled the respondent that caused her to change her position in reliance upon such representations. In short, there is no evidence warranting an estoppel against the appellant. It follows, therefore, that the appellant is not precluded from asserting that the claim of the respondent was not within the terms of the policy. Since the policy contract insured against loss on account of sickness contracted during the term of the policy, and the sickness here involved not having been contracted during the term of the policy, the respondent was not entitled to any benefits therefor. It is conclusive from the evidence that the hospital and surgical benefits claimed by the respondent resulted from a disease which was pre-existing at the time of the issuance of the policy and no liability attaches under the terms of the insurance contract.

The exception of the appellant is sustained and the judgment of the lower Court is reversed and this case remanded for entry of judgment in favor of the appellant.

Reversed and remanded.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.