23590

Clarence A. CROSSLEY, Respondent v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

(415 S.E. (2d) 393)

Supreme Court

*Barbara H. McArthur* and *C. Mitchell Brown* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for appellant.*

*Otis Allen Jeffcoat* of *Jeffcoat & Associates,* Myrtle Beach, *for respondent.*

Heard Jan. 21, 1992.

Decided March 2, 1992.

HARWELL, Chief Justice:

This is an action for breach of an insurance contract. The jury awarded respondent Clarence A. Crossley both actual and punitive damages based on its determination that appellant State Farm (State Farm) breached its implied covenant of good faith and acted willfully or in reckless disregard of respondent's rights under the contract. State Farm alleges that the trial judge committed various errors. We affirm in part as modified, and reverse in part.

## I. FACTS

Respondent applied for health insurance through State Farm on September 22, 1988. He denied any adverse medical history. The next day respondent consulted a cardiologist, complaining that he recently had experienced severe chest pains, as well as episodes of chest discomfort, shortness of breath, and sweating during the previous month. Respondent's EKG suggested coronary artery disease, and he was referred to the Medical University of South Carolina. Respondent was diagnosed as suffering from coronary artery disease and unstable angina. He underwent cardiac catheterization and an angioplasty.

State Farm denied respondent's application for health insurance by letter dated October 27, 1988, and refunded his premium payments. Respondent brought a cause of action al-

leging that State Farm breached the contract and its implied covenant of good faith under the contract. A jury awarded respondent $34,863.06 actual damages and $30,000.00 punitive damages. On appeal, State Farm asserts that the trial judge erred in denying its motions for directed verdict and judgment notwithstanding the verdict as to (1) whether a contract existed between the parties; (2) whether respondent's claim for insurance benefits resulted from a pre-existing condition; (3) whether State Farm breached its implied covenant of good faith under the contract; and (4) whether State Farm acted willfully or in reckless disregard of respondent's rights under the contract.

## II. DISCUSSION

In passing upon State Farm's motions for directed verdict and for judgment notwithstanding the verdict, it is the duty of this Court to view the evidence and all inferences which may reasonably be drawn therefrom in the light most favorable to respondent. *Woodward v. Todd,* 270 S.C. 82, 240 S.E. (2d) 641 (1978). If more than one reasonable inference can be drawn from the evidence, the case must be submitted to the jury. *Easler v. Pappas,* 252 S.C. 398, 166 S.E. (2d) 808 (1969).

State Farm first contends that the evidence at trial does not support the existence of a contract between State Farm and respondent. We disagree.

When respondent applied for insurance with State Farm, he paid the first two months' premiums and executed a conditional receipt.[1] Normally, a layperson who pays his premium at the time an application for insurance is filed is justified in assuming that payment will bring immediate protection. *Poston v. National Fidelity Life Insurance Co.,* 303 S.C. 182, 399 S.E. (2d) 770 (1990). However, an in-

---

[1]The conditional receipt provided that:

It is agreed that no insurance shall be effective unless a policy is issued. However, if the Company is satisfied, after investigation and such examination, if any, as it may require, that the proposed insured . . . [is] insurable in accordance with the Company's rules and practices of selection for the insurance applied for at the time the application was signed, the policy will be dated and effective according to its terms at 12:01 A.M. the day the application was dated. If the application is declined, . . . the Company agrees to refund the above amount to the applicant.

surer may reserve the determination of whether an applicant is an insurable risk on the date of the application. *Vernon v. Provident Life and Accident Insurance Co.*, 266 S.C. 208, 222 S.E. (2d) 501 (1976). When the insurer does so, it must use clear and unequivocal language to evidence its intent to limit temporary coverage, and also must call limiting conditions to the attention of the applicant. *Poston*, 303 S.C. at 186, 399 S.E. (2d) at 772. Here, State Farm's local agent testified that she read and explained the conditional receipt to respondent. Respondent contested the version of the facts presented by State Farm's local agent, and testified that State Farm's local agent informed him that the policy was effective immediately.

After State Farm's home office received respondent's application, it began an investigation to determine whether it would issue respondent a health insurance policy. State Farm informed respondent by letter dated October 6, 1988 that "[w]hile the necessary information is being developed, we have asked the State Farm Pay Plan Department to discontinue your billings for this Health Insurance application." Shortly thereafter, State Farm billed respondent for the next month's premium. Respondent paid the premium October 18, 1988. State Farm asserts that the billing was made in error and that it did not intend by sending a statement to create a contract of insurance. Nevertheless, State Farm accepted respondent's payment and processed his check. Circumstances may imply acceptance of an offer to purchase insurance. *Moore v. Palmetto State Life Insurance Co.*, 222 S.C. 492, 73 S.E. (2d) 688 (1952). We find that the evidence regarding whether a contract was created is susceptible of more than one inference, and thus properly was submitted to the jury. Accordingly, we hold that the trial judge did not err in denying State Farm's motions for directed verdict and j.n.o.v. on the issue of whether a contract of insurance existed between State Farm and respondent.

State Farm next contends that, even if a contract did exist, State Farm did not breach the contract by denying benefits because respondent's claim resulted from a preexisting condition. We disagree.

An insurer has the right to contract against liability resulting from preexisting diseases. Before nonliability can follow as a matter of law, however, the only reason-

able inference must be that the claim of the insured resulted from a disease already contracted and active at the time of the date and delivery of the policy. *Johnson v. Wabash Life Insurance Co.*, 244 S.C. 95, 135 S.E. (2d) 620 (1964).

The insurance policy for which respondent applied defined a preexisting condition in pertinent part as:

> 2. the existence of symptoms which would cause an ordinary prudent person to seek diagnosis, care or treatment within a five (5) year period preceding the effective date of coverage of the Covered Person.

State Farm contends that an ordinarily prudent person would have sought medical treatment for the symptoms respondent experienced during the month prior to his seeking treatment. However, the symptoms respondent experienced were not unusual given the circumstances during which they occurred. For example, on one occasion respondent experienced some sweating after he had been working in a 130 degree attic; on another occasion respondent experienced dizziness after spraying insecticide in a closed area. Respondent's physician testified that respondent's symptoms were atypical of his condition, and that, generally, there are no outward features that absolutely document whether a person has coronary artery disease. We find that the evidence is susceptible of more than one inference, and thus properly was submitted to the jury. Accordingly, we hold that the trial judge did not err in denying State Farm's motions for directed verdict or j.n.o.v. on this issue.

State Farm next claims that respondent offered no evidence that State Farm breached its implied covenant of good faith under the contract, or acted willfully or in reckless disregard of respondent's rights under the contract. We agree.

The elements of a cause of action for bad-faith refusal to pay first-party benefits under a contract of insurance are: (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the in-

sured. *Bartlett v. Nationwide Mutual Fire Insurance Co.*, 290 S.C. 154, 348 S.E. (2d) 530 (Ct. App. 1986). If these elements are pleaded and proved, the insured's remedy is not limited to the face amount of the contract. If the insured proves the insurer's conduct was willful or in reckless disregard of his rights under the contract, the insured also may recover punitive damages. *Id.*

We find that it was not unreasonable for State Farm to ■ investigate the medical history of an applicant who was diagnosed as having coronary artery disease the day after applying for a health insurance policy. Moreover, State Farm followed standardized, published procedures to determine whether respondent's symptoms met criteria for denying coverage based on a preexisting condition. We discern no evidence to support respondent's claim that State Farm breached its implied covenant of good faith under the contract. If there is a reasonable ground for contesting a claim, there is no bad faith. *See Nichols v. State Farm Mutual Automobile Insurance Co.*, 279 S.C. 336, 306 S.E. (2d) 616 (1983). For the same reasons, we also conclude that State Farm's conduct was not willful or in reckless disregard of respondent's rights under the contract.[2] Accordingly, we hold that the trial judge erred in denying State Farm's motions for directed verdict and j.n.o.v. on the issues of whether State Farm breached its implied covenant of good faith, and acted willfully or in reckless disregard of respondent's rights under the contract.

Because we find that State Farm did not breach its implied covenant of good faith under the contract, we reduce the award of actual damages granted respondent to the amount he was entitled for breach of contract, or $31,206.03. Actual damages are limited by the contract absent a finding of bad faith. *See Nichols,* 279 S.C. at 340, 306 S.E. (2d) at 619. Further, because we find that State Farm did not act willfully or in reckless disregard of respondent's rights under the contract, we strike the award of punitive damages.

Affirmed in part as modified; reversed in part.

FINNEY, TOAL and MOORE, JJ., and ALEXANDER M. SANDERS, Jr., Acting Associate Justice, concur.

---

[2] Because we reverse punitive damages assessed against State Farm, we need not address State Farm's assertion that the award of punitive damages violated State Farm's constitutional right to due process.