24155

BARBARA L. HOWARD Respondent v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.
(450 S.E. (2d) 582)

Supreme Court

---

*Rebecca Laffitte, C. Mitchell Brown,* and *William C. Wood, Jr.,* all of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for appellant.*

*William P. Walker, Jr.,* of *Walker, Morgan, and Manning,* Lexington, *for respondent.*

Heard April 20, 1994.

Decided Oct. 24, 1994.

*Per Curium:*

A jury awarded Barbara Howard (Howard) $1,297 actual damages and $30,000 punitive damages in this breach of contract and bad-faith action against State Farm Mutual Automobile Insurance Company (State Farm). State Farm appeals. We reverse and remand.

## FACTS

On December 22, 1987, Howard suffered neck and back in-

juries in an automobile accident. Her family physician diagnosed a mild cervical strain. Because she was still suffering pain in her neck and back in February 1988, she sought additional treatment from a chiropractor, who performed adjustments to her whole body. Howard's ankle became so swollen after one adjustment, she could not walk without crutches. She returned to her family physician for treatment for the ankle injury. He referred her to physical therapy.

Howard submitted claims for medical bills and lost wages to State Farm for payment under her insurance policy's Personal Injury Protection (PIP). State Farm paid all claims until it received a phone call from someone identifying himself as Howard's father. He said Howard's ankle injury was caused by the chiropractor's adjustments. State Farm refused to pay further claims until it received documentation concerning the cause of the ankle injury. State Farm did not get this information. Howard then brought this action against State Farm for breach of contract and bad-faith refusal to pay benefits under her insurance contract.

## DISCUSSION

### I. Trial Errors

On appeal, State Farm argues the trial judge erred in not granting a new trial because it was prejudiced by the improper cross-examination of its claims adjuster. The company contends the trial judge erred in allowing Howard's lawyer to cross-examine its claims adjuster concerning her handling of the claim after litigation commenced.

Whether an insurance company is liable for bad faith must be judged by the evidence before it at the time it denied the claim or if the insurance company did not specifically deny the claim by the evidence it had before it at the time the suit was filed. *See Nationwide Mutual Insurance Co. v. Clay*, 525 So. (2d) 1339, 1342 (Ala. 1987). Evidence that arises after the denial of the claim is not relevant to the propriety of the conduct of the insurer at the time of its refusal. *See id.* Likewise, if the insurance company did not specifically deny the claim evidence that arises after the filing of the bad-faith claim is not relevant. Thus, testimony concerning the adjuster's handling of the claim after litigation commenced was

irrelevant. *See Associate Management, Inc. v. E.D. Sauls Constr. Co.*, 279 S.C. 219, 305 S.E. (2d) 236 (1983) (evidence that does not tend to establish or to make more or less probable some matter in issue and does not bear directly or indirectly thereon is irrelevant).

Moreover, the testimony was clearly prejudicial. The core of State Farm's defense was Howard's failure to provide adequate documentation concerning her injury. The cross-examination testimony implied to the jury that once the adjuster had the documentation necessary to process the claim, even though the information was received after litigation had begun, she should have paid the claim. Because this testimony clearly prejudiced State Farm, the trial judge abused his discretion in overruling the company's objection to this testimony. Therefore, we reverse and order a new trial. See *Watts v. Bell Oil Co.*, 266 S.C. 61, 221 S.E. (2d) 529 (1976) (this court may order a new trial based on the erroneous admission of testimony when the record shows error and prejudice).

State Farm also seeks reversal because of prejudicial remarks Howard's attorney made during trial. During opening arguments, Howard's counsel argued State Farm had spent more money defending this case than the amount of the claim. Also, while cross-examining State Farm's claims representative, Howard's attorney referred to State Farm's lawyers as "one (of) the biggest law firms in South Carolina." Furthermore, during closing argument, Howard's lawyer stated:

> State Farm can go out and hire the biggest, baddest law firm in the State, the former Governor's law firm. They gonna have two lawyers over here, a legal assistant; they gonna have books, they gonna have resources and they gonna fight us for every dime. They've done it for the last four years. Deposition, expert witnesses, doctors out of the ying-yang. You name it. They have put us through patience, her through the patience of just trying to get a little justice. 1200. It'll probably cost you a six figure by now but you know that.

While we express reservations about the impact of these remarks on the fairness of the original trial, we need not reverse

on this ground, having done so on the previous issue. However, we caution the bar that such arguments to the jury should be avoided and may constitute grounds for a new trial. Bowers v. Watkins Carolina Express, Inc., 259 S.C. 371, 192 S.E. (2d) 190 (1972).

Although not necessary to our decision, we also address several of State Farm's remaining arguments to guide the trial judge on remand.

## II. Jury Charge

State Farm argues the trial judge erred in charging the following language to the jury:

> If an injured person uses ordinary care in selecting a health care provider for treatment of an injury, the law regards the aggravation of an injury from inappropriate or negligent treatment of the health provider as part of the immediate and direct damages which naturally flow from the original injury. *Graham v. Whitaker*, 282 S.C. 393, 321 S.E. (2d) 40 (1984).

The PIP provision of the State Farm policy provides:

> [State Farm] will pay in accordance with the *NO FAULT ACT* for *bodily injury* to an *injured* caused by an accident, resulting from the maintenance and use of a *motor vehicle* as a vehicle.

The No Fault Act provides:

> The minimum medical, hospital, and disability benefits . . . shall include . . . payment of all reasonable expenses arising from the accident. . . .

S.C. Code Ann. § 38-77-240 (1989) (repealed 1989).

Rules of construction require clauses of inclusion to be broadly construed. *McPherson v. Michigan Mut. Ins.*, — S.C. —, 426 S.E. (2d) 770 (1993). A broad construction of "arising from" includes "causal relation to," "incident to," "flowing from," or "having connection with." *Id.* The trial judge properly charged the *Graham* causation language. State Farm's obligation to pay PIP benefits for any medical expenses "arising from" the accident would, therefore, include those caused by inappropriate or negligent treatment which

aggravated the original injury so long as Howard used ordinary care in selecting the health care provider.

### III. Denial of Directed Verdict
### and J.N.O.V.

State Farm next argues the trial judge erred in denying its motions for directed verdict and judgment notwithstanding the verdict on Howard's bad-faith claim because there was no evidence it acted unreasonably or in reckless disregard of Howard's contract rights.

In deciding motions for directed verdict and those for judgment notwithstanding the verdict, the evidence and all reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Crossley v. State Farm Mut. Auto. Ins.*, 307 S.C. 354, 415 S.E. (2d) 393 (1992). If more than one inference can be drawn from the evidence, the case must be submitted to the jury.

Bad-faith refusal to pay first-party benefits under a contract of insurance includes: (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured. *Id.* at 359-60, 415 S.E. (2d) at 369-97. Punitive damages may also be recovered if the plaintiff proves the insurer's conduct was willful or in reckless disregard of his or her rights under the contract. *Id.* at 360, 415 S.E. (2d) at 397.

Howard's claim of bad faith in this case was based on medical treatment and lost wage claims State Farm did not pay after her ankle injury. At trial its claims adjuster testified she had not paid the claim prior to initiation of the action because she had not received the documentation necessary to process the claim. In a letter to Howard's attorney, State Farm stated that it needed documentation to determine if the chiropractor caused Howard's ankle injury or if the injury arose out of the accident. State Farm, upon the advice of its attorney, took the position *Graham v. Whitaker* did not apply to this action and, therefore, the policy language did not cover the injury if caused by the chiropractor.

Viewing the evidence and its inferences in the light most favorable to Howard, we find Howard presented evidence from which a jury could have found State Farm was unreasonable in failing to pay claims it received after the ankle injury. *See Varnadore v. Nationwide Mut. Ins.*, 289 S.C. 155, 345 S.E. (2d) 711 (1986) (insurer not entitled to directed verdict on claim of bad-faith refusal to pay when it claimed its own investigation provided reasonable basis to deny claim); *Futrell v. Premiere Life Ins.*, 526 So. (2d) 1382 (La. Ct. App. 1988) (insurer's failure to properly interpret its own policy does not constitute reasonable grounds for its failure to pay a claim thereunder). Moreover, the jury could draw more than one reasonable inference from the testimony on the issues of willfulness and also reckless disregard. Therefore, the trial judge did not err in submitting those issues to the jury. Based on our holding, we need not address State Farm's remaining issues.

Reversed and remanded.