**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1915**

CONTRAVEST INC.; CONTRAVEST CONSTRUCTION COMPANY; PLANTATION POINT HORIZONTAL PROPERTY REGIME OWNERS ASSOCIATION INC., As Assignee,

Plaintiffs – Appellants,

v.

MT. HAWLEY INSURANCE COMPANY,

Defendant – Appellee.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. David C. Norton, District Judge. (9:15-cv-00304-DCN)

Argued: September 21, 2021                      Decided: October 13, 2021

Before WILKINSON, KING, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Gregory Milam Alford, ALFORD LAW FIRM LLC, Hilton Head Island, South Carolina, for Appellants. Charles Mitchell Brown, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Columbia, South Carolina, for Appellee. **ON BRIEF:** Jesse Allen Kirchner, THURMOND KIRCHNER TIMBES & YELVERTON, PA, Charleston, South Carolina, for Appellants. Robert T. Lyles, Jr., LYLES & ASSOCIATES, LLC, Mt.

Pleasant, South Carolina; Thomas T. Hydrick, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The three plaintiffs in this insurance coverage dispute — ContraVest Inc. and ContraVest Construction Company (together, "ContraVest"), plus their assignee Plantation Point Horizontal Property Regime Owners Association Inc. — appeal from the judgment entered in favor of defendant Mt. Hawley Insurance Company. More specifically, the plaintiffs challenge the district court's denial of discovery with respect to privileged communications between Mt. Hawley and its coverage counsel, as well as the court's summary judgment award to Mt. Hawley relative to the plaintiffs' bad faith claim. As explained below, we agree with the district court and affirm.

I.

A.

On September 16, 2011, assignee Plantation Point filed a construction defect lawsuit against ContraVest in the Court of Common Pleas for Beaufort County, South Carolina (the "underlying action"). Plantation Point oversees a multi-family condominium complex that was partially constructed by ContraVest. Mt. Hawley had theretofore issued ContraVest several general commercial excess liability insurance policies. ContraVest gave notice of the underlying action to Mt. Hawley, as its excess insurance carrier. In response thereto, and throughout a protracted exchange of communications, Mt. Hawley asserted that it was not obliged under any of its excess insurance policies to defend or indemnify ContraVest in the underlying action.

The parties to the underlying action agreed to mediate their disputes. When those mediations concluded in 2014, Mt. Hawley was asked and ultimately declined to join or contribute toward a settlement agreement reached between Plantation Point and ContraVest. That agreement included $3,300,000 to be paid to Plantation Point by other participating insurance carriers, as well as the entry of a separate $9,000,000 confession of judgment against ContraVest and in favor of Plantation Point. The confession of judgment released the other participating insurers from any and all claims relating to or arising from the Plantation Point property, meaning that it is enforceable only as to the excess insurance policies issued by Mt. Hawley, as the insurer, to ContraVest, as insured. The confession of judgment was not enforceable as to the ContraVest entities, as ContraVest Construction Company was dissolved on December 31, 2007, and ContraVest Inc. was dissolved on January 5, 2011.

On May 5, 2014, ContraVest, through its corporate representative, signed the confession of judgment. Pursuant to the confession of judgment, ContraVest assigned any and all of its rights against Mt. Hawley to Plantation Point.

B.

In December 2014, ContraVest and Plantation Point initiated this action against Mt. Hawley in state court. The Complaint alleges four causes of action, including the plaintiffs' bad faith claim, which is predicated on Mt. Hawley's refusal to defend or indemnify ContraVest in the underlying action. As assignee, Plantation Point seeks recovery of the $9,000,000 awarded to it under the confession of judgment. Meanwhile, ContraVest alleges it sustained consequential damages because of the existence of the confession of

4

judgment. Pursuant to 28 U.S.C. § 1441, Mt. Hawley removed the proceedings to the District of South Carolina.

During discovery in federal court, the plaintiffs filed motions to compel production of privileged communications between Mt. Hawley and its coverage counsel. On that issue, the magistrate judge recommended that Mt. Hawley be deemed to have waived the attorney-client privilege based on the so-called "at issue" exception applied in *City of Myrtle Beach v. United National Insurance Co.*, No. 4:08-cv-01183 (D.S.C. Aug. 27, 2010), ECF No. 91 (explaining where plaintiff has presented prima facie case of bad faith and insurer has denied bad faith in its answer, insurer's attorney-client privilege is waived).

The district court agreed with the magistrate judge's recommendation, granted the plaintiffs' motions to compel, and instructed Mt. Hawley to submit the privileged communications at issue for *in camera* review. *See ContraVest Inc. v. Mt. Hawley Ins. Co.*, No. 9:15-cv-00304 (D.S.C. Mar. 31, 2017), ECF No. 143. Mt. Hawley subsequently filed a motion for reconsideration, which the court denied on March 30, 2018.

Soon thereafter, on April 11, 2018, rather than submit the privileged communications for *in camera* review, Mt. Hawley filed a petition for a writ of mandamus in this Court. As a result, we certified the following question to the Supreme Court of South Carolina: "Does South Carolina law support application of the 'at issue' exception to the attorney-client privilege such that a party may waive the privilege by denying liability in its answer?" *See In re Mt. Hawley Ins. Co.*, 736 F. App'x 392, 393 (4th Cir. 2018). We observed that, if South Carolina law did not support the "at issue" exception

5

applied in *City of Myrtle Beach*, the district court's ruling on the motions to compel would be erroneous. *Id.* at 395.

In response, the South Carolina supreme court announced in June 2019 that, in a tort action against an insurer for bad faith refusal to defend or indemnify its insured, "a denial of bad faith and/or the assertion of good faith in the answer does not, standing alone, place a privileged communication 'at issue' in a case such that the attorney-client privilege is waived." *See In re Mt. Hawley Ins. Co.*, 829 S.E.2d 707, 718 (S.C. 2019). In July 2019, we thus granted a mandamus writ to Mt. Hawley and remanded for further proceedings consistent with the state supreme court's ruling. *See In re Mt. Hawley Ins. Co.*, 773 F. App'x 771, 772 (4th Cir. 2019).

On remand, the district court issued two orders relevant to this appeal. First, in January 2020, the court declined to compel the disclosure of any privileged communications between Mt. Hawley and its coverage counsel. *See ContraVest Inc. v. Mt. Hawley Ins. Co.*, No. 9:15-cv-00304 (D.S.C. Jan. 21, 2020), ECF No. 209. The court explained that, in light of the South Carolina supreme court's ruling, the attorney-client privilege was not waived because Mt. Hawley's alleged waiver was premised exclusively on the denial of bad faith in its answer.

Second, in July 2020, the district court awarded summary judgment to Mt. Hawley on the plaintiffs' bad faith claim. *See ContraVest Inc. v. Mt. Hawley Ins. Co.*, No. 9:15-cv-00304 (D.S.C. July 27, 2020), ECF No. 228. In so ruling, the court determined that ContraVest had failed to demonstrate that, as required by South Carolina law, it suffered consequential damages due to Mt. Hawley's failure to defend or indemnify. The court

pointed to the absence of evidence that ContraVest could ever be liable on the confession of judgment. The court explained that it had accorded the plaintiffs the opportunity to show "how ContraVest, a dissolved corporation, could be damaged by an outstanding judgment," and the plaintiffs had thereafter failed to make such a showing. *Id*. at 11. The plaintiffs timely noted this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.[*]

## II.

On appeal, the plaintiffs challenge the district court's denial of their motions to compel the production of privileged communications between Mt. Hawley and its coverage counsel, as well as the court's summary judgment award to Mt. Hawley relative to their bad faith claim. We review those contentions in turn.

## A.

We first address the district court's denial of the plaintiffs' motions to compel disclosure of privileged communications between Mt. Hawley and its coverage counsel. We evaluate the propriety of such a discovery ruling for abuse of discretion. *See Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 572 (4th Cir. 2017). We accord a district court "wide latitude in controlling discovery" and will not disturb discovery orders "absent

---

[*] Prior to its summary judgment award on the bad faith claim, the district court had granted summary judgment to Mt. Hawley on the plaintiffs' three other claims. *See ContraVest Inc. v. Mt. Hawley Ins. Co.*, No. 9:15-cv-00304 (D.S.C. Feb. 25, 2020), ECF No. 212. The plaintiffs have abandoned their other claims by failing to address them in their opening appellate brief. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 376-77 (4th Cir. 2012) ("A party's failure to raise or discuss an issue in [its] brief is deemed to be abandonment of that issue." (internal quotation marks omitted)).

a showing of clear abuse of discretion." *See Rowland v. Am. Gen. Fin., Inc.,* 340 F.3d 187, 195 (4th Cir. 2003) (internal quotation marks omitted).

Here, because the district court did not abuse its discretion, we are obliged to affirm its denial of the plaintiffs' motions to compel disclosure of the privileged communications between Mt. Hawley and its coverage counsel. The court correctly determined that Mt. Hawley's alleged waiver of the attorney-client privilege was insufficient as a matter of South Carolina law, in that the alleged waiver was premised only on Mt. Hawley's denial of bad faith in its answer. Consequently, the court did not abuse its discretion in denying the discovery being sought.

### B.

Second, we address the district court's award of summary judgment to Mt. Hawley on the plaintiffs' bad faith claim. We review an award of summary judgment de novo, "drawing reasonable inferences in the light most favorable to the non-moving party." *See Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a).

Under South Carolina law, a plaintiff pursuing a tort claim against an insurer for its bad faith refusal to defend or indemnify must satisfy four elements:

> (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured.

8

*See Crossley v. State Farm Mut. Auto. Ins. Co.*, 415 S.E.2d 393, 396-97 (S.C. 1992) (internal quotation marks omitted). In order to satisfy the fourth element, the plaintiff must demonstrate that it suffered consequential damages due to the insurer's alleged bad faith actions. *See Tadlock Painting Co. v. Md. Cas. Co.*, 473 S.E.2d 52, 55 (S.C. 1996).

In these proceedings, the key issue is whether ContraVest suffered consequential damages that would authorize a bad faith claim against Mt. Hawley. The plaintiffs' theory of consequential damages is based solely on the confession of judgment. As such, we are satisfied to affirm the award of summary judgment to Mt. Hawley on the bad faith claim. We emphasize that the consequential damages alleged by ContraVest relative to the confession of judgment constitute *damnum absque injuria*, that is, "loss or damage without injury." *See Alabama Power Co. v. Ickes*, 302 U.S. 464, 479 (1938). ContraVest and Plantation Point fail to articulate how the confession of judgment — which, as the district court observed, ContraVest will never be liable for — could factually or legally constitute consequential damages sustained by ContraVest.

III.

Pursuant to the foregoing, we are satisfied to affirm the judgment entered by the district court.

*AFFIRMED*

9