**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Saundra R. Hoffman, Appellant,

v.

State Farm Fire and Casualty Company, Respondent.

Appellate Case No. 2021-000797

———————

Appeal From Lexington County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-067
Heard December 4, 2023 – Filed May 15, 2024
Withdrawn, Substituted and Refiled May 15, 2024

———————

**AFFIRMED IN PART, REVERSED IN PART**

———————

Pamela R. Mullis, of Mullis Law Firm, PA, of Columbia,
for Appellant.

Robert William Whelan, of Whelan Mellen & Norris,
LLC, of Charleston, for Respondent.

———————

**PER CURIAM:** Saundra Hoffman appeals the circuit court's order granting
summary judgment to State Farm on her causes of action for breach of contract,

breach of contract accompanied by a fraudulent act, and bad faith. We affirm in part and reverse in part.

## FACTS/PROCEDURAL HISTORY

On January 8, 2014, a metal pipe burst in Hoffman's residence, causing a large amount water to flow into her garage. The garage was "very full" of numerous items. Hoffman estimated the amount of water in her garage was at least a foot high. Hoffman called State Farm immediately upon discovering the leak on the morning of January 8. State Farm called the fire department, and the fire department came to Hoffman's house, released the pent-up water from the garage ceiling, and moved many items out of her garage. Hoffman began the clean-up process but was hindered by the vast number of items, asthma, and other medical problems.

On April 3, 2015, Hoffman called State Farm and told them she was unable to work on the claim because of the death of her uncle and her own health problems. Hoffman recalled that State Farm told her she had to submit items for the claim by January 8, 2016. Hoffman stated that State Farm called a couple of weeks before January 8 to "remind me that I needed to enter something into my claim by January the 8th . . . [a]nd I finished what I felt like I could do, which was not a fraction of what I entered later, but I was, you know, not feeling well." Hoffman said "that was the only time that [State Farm] notified me of any time limit, the only time. I never got a letter from them. I never got an email from [them], nothing." Hoffman submitted a claim to State Farm for fifty items on January 8, 2016. Hoffman also stated in her deposition that she assumed the January 8, 2016 deadline was "just to get something submitted . . . not . . . the end of the claim."

State Farm's records reflect that they called Hoffman on November 9, 2015, and "advised [Hoffman] . . . [the replacement cost] policy benefits provisions [was] 1/8/2016". On January 18, 2016, State Farm called Hoffman and the notes reflect that she stated "she [was] aware time was running out but she had been sick most of summer." The notes also state Hoffman "understood." State Farms records further show that on January 28, 2016, Hoffman told State Farm that she had "many more items but ran out of time." State Farm sent Hoffman a $10,000 check for the fifty items and closed the claim in March 2016. In September 2016, Hoffman asked that the check be re-issued because she had not received it. At the time of the deposition, Hoffman had not cashed the check and said "I'm closing the claim out if I cash it, so I didn't."

On September 28, 2016, State Farm called Hoffman and told her the claim was closed, but the notes also state "if adjustments are to be made for contents [replacement cost] per [Hoffman] research then she will send to State Farm and reopen claim."  On April 3, 2017, Hoffman told State Farm she found bags of wet clothing, which had been put in the attic by her daughter.  Hoffman told State Farm at that time "she saw stains on ceiling but never thought to go in attic and look. She will forward [additional] contents and images.  She will email anything that needs revision that may have been incorrect before."  State Farm's notes show it continued to internally review Hoffman's photos and notes for the previously submitted items and the new bags of wet clothing in October and November 2017. On November 20, 2017, State Farm's notes state "accepted new mail from [Hoffman] with revised [pricing] for [additional] items."  Hoffman stated that she did not know in 2017 that the claim had expired.

State Farm's records show that a supervisor reviewed the file on December 6, 2017, and told the adjuster who had been communicating with Hoffman (the Adjuster) that Hoffman was "submitting this new information past the statute of limitations.  . . . Also, we should not now adjust the price[s] that were provided to us by the [insured] initially."  State Farm denied coverage for the additional items on January 10, 2018.  At the time of her deposition in 2019, Hoffman stated she still had not gone through everything from the garage because "it's a mountain of stuff."

Hoffman said in her deposition that she thought she had five years to submit the full list of items and assumed State Farm would have told her if the claim was ending.  She also admitted State Farm did not tell her she had five years to make a claim.  Throughout her deposition, Hoffman emphasized that State Farm did not tell her the claim would close on a certain date.  She stated "if the claim [was] expired, then why was I allowed to revise it?"  Hoffman stated she felt like "it should be the responsibility of the adjuster to remind you every time they talk to you that your claim is expiring."

The Adjuster said in her deposition that State Farm allowed clients to submit items for replacement cost for two years from the date of loss.  However, on September 28, 2016, State Farm allowed Hoffman to revise the pricing for six previously submitted items.  This was done on the Enservio computer program, and State Farm could not control whether Hoffman added items to the list in Enservio.  The Adjuster further stated that while she sufficiently explained to Hoffman that there was a two-year replacement cost limitation, she was not aware of a three-year

statute of limitations.  The Adjuster explained "[t]his is a unique claim and it was the first time I'd handled something of this nature, so [Hoffman] wasn't made aware because I wasn't aware."  The Adjuster said she "never had [a] claim prior to this or after this where I had to actually apply the statute of limitations to it."

In her complaint filed on October 12, 2018, Hoffman alleged State Farm breached the terms of the insurance contract by refusing to pay losses owed pursuant to that contract.  She claimed State Farm acted in bad faith by refusing to pay the benefits due under the insurance policy.  She further alleged a cause of action for breach of contract accompanied by a fraudulent act, stating "the breach was done in a manner to intentionally mislead [Hoffman] that her claim was continuing to be active throughout 2017 while it was not, in a misleading and fraudulent manner . . .  so she did not seek . . . to preserve her rights to pursue her claim."  State Farm answered Hoffman's complaint by asserting, among other defenses, that the claims were barred by the statute of limitations and excluded by the contract of insurance.

The circuit court heard State Farm's motion for transfer of venue and partial dismissal.  The circuit court ordered a transfer of venue from Richland County to Lexington County and stated Hoffman "shall have thirty days from the date of this order to amend her complaint to state her cause of action for breach of contract accompanied by a fraudulent act with more particularity."  Hoffman's counsel later stated she did not amend the complaint because she did not feel an amendment was necessary.

The circuit court found Hoffman's claims were barred by the three-year statute of limitations because she filed suit over four years after the date of loss.  The circuit court noted that Hoffman did not exercise reasonable diligence by waiting three years and nine months to make a claim for the bags of wet clothes.  The circuit court granted summary judgment to State Farm on all of Hoffman's claims, and this appeal followed.

## ISSUE ON APPEAL

Did the circuit court err in granting summary judgment to State Farm on Hoffman's claims?

## STANDARD OF REVIEW

"Rule 56(c) of the South Carolina Rules of Civil Procedure provides that the moving party is entitled to summary judgment 'if the [evidence before the court]

show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) (quoting Rule 56(c), SCRCP). "[T]he 'mere scintilla' standard does not apply under Rule 56(c)." *Id.* at 463, 892 S.E.2d at 301. "Rather, the proper standard is the 'genuine issue of material fact' standard set forth in the text of the Rule." *Id.* "When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." *Callawassie Island Member Club, Inc. v. Martin*, 437 S.C. 148, 157, 877 S.E.2d 341, 345 (2022) (quoting *Fleming v. Rose*, 350 S.C. 488, 493–94, 567 S.E.2d 857, 860 (2002)).

## LAW/ANALYSIS

Hoffman alleges the action for breach of contract accrued in January 2018 when she became aware that State Farm denied payment of benefits under the insurance contract.[1] Hoffman further argues that because State Farm was still communicating with her about her claim in 2017 they are estopped from asserting the statute of limitations defense. We reverse summary judgment on the breach of contract claim because we find State Farm is precluded from asserting the defense of the statute of limitations for that claim.

An action for breach of contract must be brought within three years from the date the action accrues. S.C. Code Ann. § 15-3-530(1) (2005). "[S]tatutes of limitations provide potential defendants with certainty that after a set period of time, they will not be hailed [sic] into court to defend time-barred claims." *Carolina Marine Handling, Inc., v. Lasch*, 363 S.C. 169, 175–76, 609 S.E.2d 548, 552 (Ct. App. 2005) (alteration in original) (quoting *In re Elkay Indus., Inc.*, 167 B.R. 404, 408 (D.S.C. 1994)). "In South Carolina, a defendant may be estopped from claiming the statute of limitations as a defense if some conduct or representation by the defendant has induced the plaintiff to delay in filing suit." *Hedgepath v. American Tel. & Tel. Co.*, 348 S.C. 340, 360, 559 S.E.2d 327, 338 (Ct. App. 2001). "Application of equitable estoppel does not require an intentional misrepresentation." *Id.* "It is sufficient if the plaintiff reasonably relied upon the words or conduct of the defendant in allowing the limitations period to expire." *Id.* at 360, 559 S.E.2d at 339.

---

[1] State Farm issued a check for Hoffman's first claim of fifty items and Hoffman chose not to cash it; therefore, we are solely concerned with the denial of Hoffman's second submission of 700 items in October 2017.

The insurance contract in this case provides: "Suit Against Us.  No action shall be brought unless there has been compliance with the policy provisions.  The action must be started within three years after the date of loss or damage."  This policy provision addresses actions against State Farm but does not set forth a time-period for State Farm's clients to complete the submission of items for a claim.  The insurance contract also states "if property is not repaired or replaced within two years after the date of loss, we will pay only the cost to repair or replace less depreciation."  Likewise, this policy provision does not set forth a time-period for the completion of a claim.  The record shows that in 2017, more than three years after the date of loss, State Farm continued to discuss with Hoffman the pricing for her initial 2016 fifty-item claim submission and they were aware she was submitting additional items.  It was not until a supervisor reviewed the file that State Farm closed the claim and denied it.  While the record does not contain evidence of any intentional misrepresentation by State Farm, the record is clear that the Adjuster continued to work on Hoffman's claim in 2017.  However, the record is also clear that Hoffman was aware in 2016 of State Farm's policy that she could only receive replacement cost for items submitted to the claim within two years and after that she would receive depreciation cost.  We find there is a triable issue of fact as to whether State Farm breached the contract by refusing payment on Hoffman's second submission of items.  Therefore, viewing the evidence and all reasonable inferences in the light most favorable to Hoffman, we hold the trial court erred in granting summary judgment to State Farm on Hoffman's breach of contract action.

Hoffman further claims State Farm acted fraudulently and in bad faith by misleading her into believing her claim was still open in 2017.  We disagree and affirm summary judgment on Hoffman's remaining claims.  Her complaint stated the following:

> [Hoffman] attempted to provide specifics on . . . the loss over a number of years but was ill and unable to specifically complete the required paperwork . . . . Throughout the process [State Farm] continued to represent that she could make her claim and never properly communicated with her . . . if there was any time limit.
>
> Throughout the year of 2017 [Hoffman] continued to have conversations with [State Farm] regarding the [claim] and was never advised of any limitations . . . in

fact . . . [State Farm] fraudulently misrepresented to [Hoffman] that the claim was still open and active.

In a cause of action for bad faith refusal to pay first party benefits under an insurance contract, the insured must show:

> (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; [and] (4) causing damage to the insured.

*BMW of N. Am., LLC v. Complete Auto Recon Servs., Inc.*, 399 S.C. 444, 453, 731 S.E.2d 902, 907 (Ct. App. 2012) (quoting *Crossley v. State Farm Mut. Auto Ins. Co.*, 307 S.C. 354, 359, 415 S.E.2d 393, 396–97 (1992)). "[A]n insurer acts in bad faith when there is no reasonable basis to support the insurer's decision [for contesting a claim]." *Id.* (quoting *Helena Chem. Co. v. Allianz Underwriters Ins. Co.*, 357 S.C. 631, 645, 594 S.E.2d 455, 462 (2004). "[W]here an insurer has a reasonable ground for contesting a claim, there is no bad faith." *Id.*

The insurance contract outlines Hoffman's duties after the loss, including "protect[ing] the property from further damage or loss." State Farm contends, and the record supports, that Hoffman did not take any steps to protect the bags of wet clothes from further damage. Hoffman stated the clothes were not salvageable because they "would have been wet until they dried out" and she "may have [previously] known they were up there but [they were] going to be ruined." Therefore, we find State Farm had reasonable grounds to deny payment for Hoffman's second submission of items and did not act in bad faith. Accordingly, we affirm the circuit court's grant of summary judgment to State Farm on Hoffman's claim for bad faith. *See Helena Chem. Co.*, 357 S.C. at 645, 594 S.E.2d at 462 (finding insurer did not act in bad faith because it had a reasonable ground to contest claim).

"To recover for breach of contract accompanied by a fraudulent act, a plaintiff must establish (1) the contract was breached; (2) the breach was accomplished with a fraudulent intention; and (3) the breach was accompanied by a fraudulent act." *Maro v. Lewis*, 389 S.C. 216, 223, 697 S.E.2d 684, 688 (Ct. App. 2010). "'Fraudulent act' is broadly defined as 'any act characterized by dishonesty in fact

or unfair dealing.'" *RoTec Servs., Inc. v. Encompass Servs., Inc.*, 359 S.C. 467, 470, 597 S.E.2d 881, 883 (Ct. App. 2004) (quoting *Conner v. City of Forest Acres*, 348 S.C. 454, 466, 560 S.E.2d 606, 612 (2002)).  Hoffman did not appeal the previous order of the circuit court directing her to amend the complaint to state the cause of action for breach of contract accompanied by a fraudulent act with more particularity, thus, that order is the law of the case.  *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case.").  Therefore, we affirm the circuit court's grant of summary judgment to State Farm on Hoffman's claim for breach of contract accompanied by a fraudulent act.

**CONCLUSION**

Accordingly, we **REVERSE** the grant of summary judgment to State Farm on Hoffman's breach of contract claim and **AFFIRM** the grant of summary judgment on Hoffman's remaining claims.

**AFFIRMED IN PART and REVERSED IN PART.**

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**